28  289<br>129  148

## WHITLOCK vs. CREW.

1. If the declaration is amendable, so as to make it fit the evidence, the evidence should be received.
2. An award made under a rule of Court, according to the act of 1799, takes the place of the verdict, and the judgment on it the place of the judgment on the verdict. Consequently the judgment is admissible in evidence, as to persons not parties to it, in the same way in which it would have been so admissible had it been a judgment on a verdict.
3. A party's answers to interrogatories are evidence against him as *admissions*, though the interrogatories may belong to a different case.
4. The drawer of a lot of land conveyed it with warranty, and the purchaser took possession. The drawer failed to take out his grant, and the lot was granted to another person, under the forfeiting act, and he evicted the purchaser from the drawer, and that purchaser sued the drawer on his warranty.

*Held,* That he was not entitled to recover interest on the purchase money, for the period between his purchase and the issuing of the grant, as he had enjoyed the rents of the land during that period.

COVENANT, in DeKalb Superior Court.

Tried before Judge BULL, at October Term, 1858.

This was an action of covenant by William Crew againt Charles W. Whitlock, to recover damages for the breach of warranty of title, contained in a deed executed by Whitlock, conveying a certain lot of land situated in the county of Muscogee.

The bill of exceptions and record in this case having failed to reach the reporter, and no copies thereof having been furnished to him, he is prevented from making the usual statement of facts. But the points adjudicated and determined will, it is believed, be sufficiently understood from the following opinion of the Court, pronounced by Judge Benning:

GARTRELL & HILL and L. J. GLENN, for plaintiff in error.

MURPHY & CANDLER contra.

By the Court.—BENNING, J., delivering the opinion.

Was the Court below right in admitting the deed to the Jury? We think so. (1.) The deed, it seems, did not contain the word "assigns"—to him and "his assigns." And the declaration set it out as containing that word. The word "assigns" was subject to be struck out of the declaration by amendment at any time.

Was the Court right in admitting to the Jury the first set of the interrogatories of Peacock? The objection to their admission was, that in them it was stated that the notice of the pendency of the ejectment was given to Whitlock, the warrantor, in 1848, which was before the commencement of the ejectment. But the second set of Peacock's interrogatories says that the notice was given in 1849, after the commencement of that suit, and the

Whitlock v. Crew.

statement in the first set was probably a mere mistake of the year. At any rate, even if it was true that the notice was given in 1848, the proof of such a notice could not have hurt Whitlock.

The bill of exceptions contains this statement: "The plaintiff then offered in evidence an exemplification from the Superior Court of Muscogee, from which it appeared that Jacob Lamb commenced his action of covenant against Wm. Crew, returnable to the August term, 1852, on a warranty deed to said lot of land, No. 176, in the 8th district of Muscogee county. That at the May term, 1856, said cause was, by consent of said Lamb and Crew, and by order of the Court, referred to the arbitrament and award of Anderson C. Hudson, John Holmes, Wilson Gordy and Isaac H. Webb, who, at the same term of said Court, awarded to the said Lamb $2,100, which award was made the judgment of said Court,"

"To which exemplification counsel for defendant objected. The Court overruled the objection, and counsel for defendant excepted."

Was this decision right? We think it was.

(2.) The ground of objection, as stated to us, was, that Whitlock was not a party to the arbitration. True; but the arbitration was under an order of Court, according to the Judiciary act of 1779; and therefore the award was the same as a verdict, and the judgment on the award the same as a judgment on a verdict; and a judgment on a verdict is evidence of its own existence, even as to persons not parties to it. And the object, here, was merely to show that Lamb had a judgment against Crew, on Crew's warranty to Lamb, Crew not having the right to resort to Whitlock's warranty to him until he had made good his own warranty to Lamb; and the judgment showing at least this much, that Crew's liability to make his warranty good to Lamb was fixed.

Was the Court right in allowing Crew to read Whit-

lock's interrogatories to the Jury? Those interrogatories were taken in another case; and that was the ground of the objection to their being read. But they were read, not as interrogatories, but as admissions made by Whitlock. And, in that view, it is clear that they were admissible.

The Court allowed Crew to read to the Jury a *fi. fa* in favor of Littleton Morgan, administrator of Jacob Lamb, against Crew for $2100, with an entry thereon, "Satisfied in full." And that was excepted to.

A ground of objection was, that the *fi. fa* and the judgment (that in the exemplification aforesaid) were not between the same parties, the latter being between *Lamb* and Crew, the former between Lamb's *administrator* and Crew. But we think that there is enough to show that the *fi. fa* belonged to that judgment, and that the administrator of Lamb became plaintiff in it, after Lamb's death, merely as the representative of Lamb.

Another ground of objection was, that the *fi. fa* did not prove itself, but that an exemplification of the judgment was necessary to prove it. We do not think so. By our law execution is directed to all the Sheriffs of the State. But even if it were so here there was such an exemplification—the exemplification of the case between *Lamb* and Crew—that the *fi. fa* belonged to that case there can hardly be a doubt.

One of the charges of the Court to the Jury was "that, to entitle the plaintiff to recover, no notice of the action of ejectment in favor of Harris against Lamb was necessary to Whitlock, unless it was to enable the plaintiff to recover attorney's fees and cost, and as they were not claimed in the case notice was immaterial." Whether this charge was right or not depended on what the evidence was as to paramount title and eviction, and what that was the record does not give us. It is of no consequence, however, for there is a plenty of evidence to show

that Whitlock did, in fact, have notice of the ejectment. No motion for a new trial was made.

Another charge was, "that if the plaintiff was entitled to recover, the measure of damages was the purchase money with interest from the date of the conveyance." This charge was, we think, wrong.

Whitlock was the drawer of the lot. His deed to Crew, therefore, carried the title to Crew and his assigns, until the grant was issued to Harris, the person entitled to the grant under the forfeiting act. Crew and his assigns held possession under that deed, and that possession was *rightful* until the issuing of this grant. In other words, they received the rents of the land up to the time when this grant issued. It cannot be, then, that Crew can also be entitled to interest on his purchase money, during that same period. The rents for that period must set off the interest for that period.

Here, then, the Court was, we think, in error, and there must be a new trial, unless Crew will remit the interest for the period aforesaid.