Buck, administrator, *et al. vs.* Grimes.

Where the certificate of the judge to the exemplification of a foreign judgment, sets out that the signer is the judge of the superior courts of the second judicial district of such state, and that the clerk's certificate is in due form, but does not make it affirmatively appear that the county from which the exemplification purports to come is within such district, the record is inadmissible.

Foreign judgments. Evidence. Before Judge Harris. Wayne Superior Court. September Term, 1878.

To the report contained in the decision it is only necessary to add the following: Grimes sued Buck, administrator, *et al.*, on a judgment from the superior court of Pitt county, North Carolina. He offered in evidence the record of the suit and judgment in that court. The certificate of the presiding judge was as follows:

" STATE OF NORTH CAROLINA—Pitt county.

I, Riley H. Cameron, judge of the superior court of the state aforesaid, holding the courts of the second judicial district of the state aforesaid, do hereby certify that Henry Sheppard, whose name is signed to the foregoing certificate, is now, and was at the time of signing the same, clerk of said court, and that his attestation is in due form."

The court admitted the exemplification, and this is the main ground of error alleged.

MERSHON & SMITH, for plaintiff in error, cited 2 Minn., 313, 319; 12 Bush., (Ky.), 321; 41 *Ga.*, 409; 1 N. H., 242; 1 Gr. on Ev., 504, 514, 540, 546; Freeman on Judgments, §413; 17 Ind., 423; Story on Conflict of Laws, §§539, 546, 547, 584, 586; 30 Conn., 190; 44 N. Y., 27.

GOODYEAR & HARRIS, for defendant, cited (on question decided), Code, §§672, 673; 54 *Ga.*, 486; 47 *Ib.*, 92; 50 *Ib.*, 208; 57 *Ib.*, 153; 59 *Ib.*, 506, 608; acts of N. C., 1868-9, p. 206; acts 1873 p. 147; Code Civil Procedure, p. 5.

WARNER, Chief-Justice.

The plaintiff sued the defendants on a judgment obtained against them in the superior court of Pitt county, North Carolina, and on the trial of the case, the jury found a verdict for the plaintiff for the sum of $1,025.68, with interest and costs; the defendants made a motion for a new trial on the grounds therein set forth, which was overruled, and the defendants excepted.

The main ground of error insisted on here, was the admission in evidence of the record of the judgment from the superior court of Pitt county, North Carolina, because the same was not authenticated as required by law. The presiding judge in his certificate as to the due form of the clerk's attestation of the record as required by the act of congress, certifies that he is judge of the superior court of the state of North Carolina, holding the courts of the second

judicial district in said state, and that the clerk's certificate is in due form, etc. The objection was that it did not *affirmatively* appear from the judge's certificate that Pitt county, from the superior court of which the record purports to have come, was within the second judicial district in which the judge was holding courts. The objection was well taken and the court erred in overruling it and in admitting the record in evidence. *Settle vs. Allison,* 8th *Ga.* 201.

Let the judgment of the court below be reversed.