TAYLOR, administratrix, *v.* McKEE, administratrix.

1. Under the act of Congress relating to the authentication of records not per-
taining to courts, the clerk is required to certify that the judge is duly com-
missioned and qualified.

2. But under the act relating to the authentication of judicial records, the cer-
tificate of the judge must affirmatively show that he presides in the court
from which the record comes, and his omission so to do can not be supplied
by an additional certificate to that effect from the clerk.

Argued October 9, — Decided November 3, 1903.

Complaint.    Before Judge Felton.    Bibb superior court.    April
24, 1903.

*Hardeman, Davis, Turner & Jones,* for plaintiff in error.
*John R. Cooper* and *Clyde L. Brooks,* contra.

LAMAR, J. The plaintiff as a foreign administratrix was required under the Civil Code, § 3522, to file properly authenticated copies of her letters of administration. Those offered were certified by " A. G. Archey, Register of Wills and Ex-officio Clerk of the Orphans' Court " of Centre county, Pennsylvania. Following this was a certificate without caption, in which. " Jno. G. Love, President Judge of the Forty-ninth Judicial District, composed of the Courts of Common Pleas, Orphans' Court, and Court of Quarter Sessions of the Peace," certified that Archey, by whom the foregoing attestation was made, was Register of Centre county, and that the attestation and certificate were in due form. There is nothing in the judge's certificate to indicate what counties compose the "Forty-ninth Judicial District," and nothing to show that he was " President Judge " of the " Orphans' Court " of Centre county. This fact was made to appear, however, in an additional certificate signed by Archey under the seal of the court.

Section 906 of the Revised Statutes of the United States (Civil Code, § 5238), as to how public books and records " not pertaining to a court " may be authenticated, provides that they shall be attested by the keeper of the records, with a certificate of the presiding justice of the court of the county that the attestation is in due form, and then requires an additional certificate by the clerk of such court, that such judge is duly commissioned and qualified. But section 905 of the Revised Statutes (Civil Code, § 5237), relating to judicial records and proceedings, contemplates a certificate by the clerk that the transcript is a true copy, and a certificate by the judge that the attestation is in due form. But there is not only no provision made that the clerk can certify to the official position or jurisdiction of the judge, but it has been expressly held, by this and other courts, that the judge's certificate must affirmatively show that he presides in the court from which the record comes, and that the county is within his judicial district. *Buck* v. *Grimes,* 62 *Ga.* 605. A similar ruling was made in Brown *v.* Johnson, 52 Ala. 208, where a transcript from this State was excluded, the certificate being that of W. C. Perkins, reciting that he was " judge of the Pataula circuit," but not affirmatively showing that Clay county, in which the judgment had been

, rendered was in his judicial district.   As the statute did not authorize the clerk to certify to the jurisdiction of the judge, it amounted to no more than if it had been made by any other citizen of Centre county.   The transcript was not properly authenticated and was inadmissible.

*Judgment reversed.   All the Justices concur.*