HOPE *et al.. v.* FIRST NATIONAL BANK OF WALSENBURG.

1. A transcript of the record of a suit in the State of Colorado was certified by a clerk who described himself in the certificate as "clerk of the district court in the third judicial district of the State of Colorado, within and for the county of Huerfano." This was followed by the certificate of the presiding judge of the court which began: "I [stating the name], sole presiding judge of the district court of the third judicial district within and for the county of Huerfano." Then followed the certificate of the clerk as to the signature and judicial character of the judge. *Held*, that the transcript was not subject to the objection that it did not affirmatively appear that the county in which the judgment was rendered was in the third judicial district of Colorado.

2. Where, in order to discredit a witness introduced by one party, the other introduced in evidence certified copies of indictments against such witness for cattle-stealing, with pleas of guilty entered thereon,

and judgments sentencing him to the penitentiary for a prescribed time, there was no reversible error in allowing another witness to testify that he was present when .the pleas of guilty were entered, and afterward saw the convict in the penitentiary; nor was there error in allowing counsel for the party who thus offered the impeaching evidence to argue that the convicted person was in the penitentiary.

3. If a party to one proceeding gives testimony by depositions or answers to interrogatories, which contain admissions against his interest, in a subsequent proceeding against him such admissions may be offered in evidence without reading the entire former testimony of the witness.

(a) So doing does not make the party whose admissions were introduced in evidence the witness of the adverse party introducing them.

(b) Where, in supplementary proceedings for the purpose of discovering property from which the amount of a judgment could be realized, under the laws of Colorado, evidence was taken by depositions, and subsequently in a proceeding in this State admissions contained in such depositions given by parties to the record were offered in evidence, testimony of a member of the Colorado bar, explanatory of the law of that State with reference to the taking of such depositions, was not subject to objection on the ground that the law of Colorado would not be binding in this forum where the plaintiffs were suing on the foreign judgment and also seeking to attack a deed and subject land conveyed by it.

4. Where a promissory note was signed in the State of Colorado by three persons there residing, and in a suit there brought against them, with personal service, judgment was rendered against them, in a subsequent suit upon the judgment in this State, commenced by attachment, the Colorado judgment was conclusive of the indebtedness by the defendants, and one of them whose property was attached could not go behind the judgment and plead that she in fact signed the note as a surety, being at the time a married woman, and that under the laws of this State a married woman could not become a surety.

5. The verdict was abundantly supported by the evidence, and none of the grounds of the motion for a new trial require a reversal.

SEPTEMBER 15, 1914.

Equitable petition, etc.    Before Judge Fite.    Gordon superior court.    February 9, 1913.

The First National Bank of Walsenburg sued out an attachment in the superior court of Gordon county for the sum of $2,156 principal, beside interest, against Carl B. Hope, Bertha Hope, and Mrs. P. T. Kimbrell, as non-residents.    The attachment was levied on a tract of land in Gordon county, containing about 160 acres. The declaration in attachment alleged, that the plaintiff had recovered a judgment in a district court of Colorado for the amount of the indebtedness claimed against the three defendants, based on a certain promissory note; that there was no property of Carl B Hope or Bertha Hope in this State, and both were non-residents;

and that the writ of attachment had been levied on the land as that of Mrs. Kimbrell. In aid of the attachment the plaintiff filed an equitable proceeding, alleging, that, at the time when the note on which the judgment was rendered was executed, Mrs. Kimbrell was the owner of the land levied on; that subsequently she and her husband executed and delivered to George A. Kimbrell, the son of her husband by a former marriage, a deed purporting to convey to him the land in consideration of $1,000; that the other two signers of the note were possessed of little property, and the debt was contracted mainly on the responsibility of Mrs. Kimbrell; that George A. Kimbrell paid nothing for the land, and the conveyance was made in order to defeat the plaintiff in the collection of the debt mentioned; that Mrs. Kimbrell concealed or disposed of all visible property or assets owned by her in the State of Colorado; that the other two signers of the note were her daughter and son-in-law, and were without means from which the debt could be realized; and that the pretended deed constituted a cloud upon the title of Mrs. Kimbrell, and would prevent the land from selling for a reasonable valuation so that the plaintiff could collect the debt therefrom. And it was sought to obtain a decree declaring that the land was subject to the execution, and that George A. Kimbrell had no title by virtue of the conveyance to him.

Mrs. Kimbrell denied that there was any fraud in the conveyance from her to George A. Kimbrell, and alleged that she had sold the property to him for $2,500, which was paid in cash, and that subsequently her house was broken open and the money was stolen from her. She denied any fraud or concealment of her property; and alleged that the note on which the judgment in Colorado was obtained was given for money borrowed by Carl B. and Bertha Hope, and that she was merely a surety or guarantor, who received no part of the consideration. George A. Kimbrell answered, denying all fraud, and averring that he bought the land in good faith from Mrs. Kimbrell for $2,500 in cash.

The two cases were tried together. The jury found in favor of the plaintiff against the defendants for the amount sued for, and also in favor of the plaintiff on the issues involved in the equitable proceeding to set aside the deed and subject the land. The defendants moved for a new trial, which was denied and they excepted.

*Sam P. Maddox, T. W. Skelly,* and *J. G. B. Erwin,* for plaintiffs in error.   *Neel & Neel* and *F. A. Cantrell,* contra.

LUMPKIN, J.   (After stating the foregoing facts.)

1.   Certain transcripts of a suit and judgment in Colorado were offered in evidence by the plaintiff.   The defendants objected to them on the ground that it did not affirmatively appear that the county in which the judgment was rendered was in the third judicial district of Colorado.   This objection was overruled.   The transcript purported to be that of a suit in the district court of the third judicial district of Colorado, in the county of Huerfano.   It was certified under the act of Congress (Civil Code (1910), § 5824).   The first certificate of the clerk began: "I, Henry Blickhahn, Clerk of the District Court, in the Third Judicial District of the State of Colorado, within and for the county of Huerfano, do hereby certify that said district court is a court of record," etc.   It was signed officially, and the seal of the district court was attached. This was followed by the certificate of the presiding ·judge as to the attestation of the clerk and his official character.   It began: "I, Henry Hunter, sole presiding judge of the District Court of the Third Judicial District within and for the county of Huerfano, do hereby certify that said court is a court of record, having a seal, and general jurisdiction in all matters at law and in equity under the constitution and laws of the State of Colorado," etc. Then followed the certificate of the clerk in regard to the signature of the judge and his official character, which contained the statement that "the District Court of the Third Judicial District of the State of Colorado, within and for the county of Huerfano in said State, is a court of record," etc.   It requires no argument to show that from the certificates both of the clerk and the judge it appeared that Huerfano county was in the third judicial district.

The certification is entirely unlike that involved in *Buck* v. *Grimes,* 62 *Ga.* 605, where the presiding judge of a court in North Carolina merely described himself in his certificate as "Judge of the superior court of the State aforesaid, holding the courts of the Second Judicial District of the State aforesaid."   The judgment of which a transcript was certified in that case was rendered in Pitt county, North Carolina.   It was held that it did not affirmatively appear from the judge's certificate that Pitt county was within the second judicial district.   Nor is the present case like that

of *Taylor* v. *McKee,* 118 *Ga.* 874 (45 S. E. 672), where it was held, that, under the act of Congress relating to the authentication of judicial records, the certificate of the judge must show that he presides in the court from which the record comes, and that its omission to do so can not be supplied by an additional certificate to that effect from the clerk.

2.  Over objection, the court allowed a witness on behalf of the plaintiff to testify that he was present in the court in Colorado and heard George A. Kimbrell plead guilty to two different charges of cattle-stealing, and that the witness afterward saw Kimbrell in the penitentiary.  Objection was also made to allowing counsel for the plaintiff in his argument to state that Kimbrell was in the penitentiary.  The objections were based on the ground that this occurred after the making of the deed, and was irrelevant; and also because there was better evidence of the plea of guilty.  George A. Kimbrell was a defendant in the equitable proceeding, and was the person claiming to own the land sought to be subjected to the attachment.  He was a witness for the defendants.  It was competent to prove that he had been convicted of a crime involving moral turpitude, in order to discredit him.  The plaintiff introduced in evidence, without objection, certified copies of two indictments in Colorado against George A. Kimbrell, charging him with cattle-stealing, together with pleas of guilty, and judgments imposing upon him sentences to serve in the penitentiary, together with the criminal capias, the mittimus, and the return thereon.  We fail to see how the testimony of the witness that he heard the accused person make these pleas of guilty, and subsequently saw him in the penitentiary, could be harmful error; nor was there error in allowing the argument of counsel.

3.  It appeared that in the State of Colorado there was a statute providing for proceedings supplemental to an execution, for the purpose of discovering whether the defendants therein had any property or not; and that under this statute the plaintiff in the present case after obtaining a judgment and execution in Colorado, examined George A. Kimbrell and Mrs. Kimbrell.  This occurred before the present suits were instituted.  On the trial of the suits at bar, counsel for the parties entered into an agreement in regard to the use of a copy of the Colorado record.  The court stated the agreement to be that "the record was to be read, or any portion,

by either party desiring it, as I understood it." Counsel for the plaintiff proposed to read in evidence certain portions of the testimony of Mrs. Kimbrell and of George A. Kimbrell, which he offered as admissions. Objection was made that the detached portions of this evidence taken in Colorado could not be read without reading the entire evidence of such witnesses. These grounds of the motion fail to set out with any degree of distinctness what was read as admissions, and perhaps might be disregarded. But error was also assigned upon a charge of the court to the effect that counsel had argued in the hearing of the jury that a party who introduced in evidence parts of the record was bound by the evidence of the witness from whose former evidence such parts were read, and that this was not correct. Accordingly we deem it proper to say that there is no law which prevents a party in a litigation from offering in evidence admissions made by one of the adverse parties, although such admissions may be contained in testimony given by such party in another proceeding. Nor is it necessary that the person offering admissions contained in evidence given by such party in another State and in another proceeding should offer the entire evidence of the witness then given. Nor, in offering the admission of a party to a case, though that admission may occur in evidence given by him in another proceeding, does the party introducing such admission make the adverse party his witness. If admissions made by a party when testifying orally as a witness in another case or proceeding may generally be proved by parol, yet where the former testimony is in the form of depositions or answers to interrogatories, there can be no objection to introducing the admissions contained in them. *Maxwell* v. *Harrison*, 8 *Ga.* 61 (5), 66 (52 Am. D. 385); *Whitlock* v. *Crew*, 28 *Ga.* 289 (3); *Sizer* v. *Melton*, 129 *Ga.* 144 (3), 148 (58 S. E. 1055).

In connection with the record of which certain parts were thus read as admissions a member of the bar of Colorado, who represented the plaintiff there, testified as to the manner in which the depositions came to be taken, and stated, "In the State of Colorado we may put the adverse party [parties] on the stand and interrogate them as on cross-examination; but are not bound by their evidence." Objection was raised to this evidence, on the ground that the law of Colorado would not be binding in this forum, where the plaintiff is seeking to attack the deed, but that the weight and

effect of the evidence would be controlled by the laws of this State. As explanatory of the Colorado law under which the depositions were taken, not in the present case but in supplementary proceedings under the execution there obtained, the evidence was not amenable to the objection raised against it.

4. In the attachment suit the court directed the jury to find for the plaintiff the amount of the Colorado judgment, with certain credits which it was admitted should be placed thereon. It was contended, that Mrs. Kimbrell was a married woman, and by the laws of this State could not become a surety; that the Colorado judgment against her on the note would contravene the public policy of this State, if she was a surety; and that the court cut off this defense. To this contention there are two conclusive answers: First, the note was given in Colorado, where the parties were domiciled, and its validity and effect would be determined by the laws of that State. Civil Code (1910), § 8. The evidence showed that in Colorado a married woman may contract like a feme sole. Second, Mrs. Kimbrell was regularly served in the suit in Colorado, where she resided, and judgment was obtained against her. This was a conclusive adjudication that she owed the debt. Civil Code (1910), § 6672. When sued on that judgment in Georgia, she could not go behind it in order to set up a defense as against the original note on which the judgment was predicated. The effort to analogize a foreign judgment based on such a note to a judgment in a divorce suit rendered in a foreign court, with service only by publication, and where the marital status of citizens of this State may be involved, is not well founded. Nor does the rule that the method of conveying real property located in this State is fixed by the local law furnish any basis for the effort to go behind a judgment rendered in a foreign State upon a note there executed and after regular service.

5. Several of the grounds complaining of the admission of evidence failed to state the evidence to which objection was taken. One ground referred to a controversy in regard to permitting counsel for the plaintiff to examine Mrs. Kimbrell in reference to writing a certain letter, without opening the door to cross-examination as to all matters in the case; but the ground did not show what testimony was elicited from Mrs. Kimbrell by such examination, or in fact that she was so examined at all, except by inference,

or by the aid of the brief of evidence; nor did it show that her counsel offered to cross-examine her, or on what subject. It merely appeared that one of her counsel stated to the court that he insisted on the right to cross-examine her "as to anything we might desire to cross her about;" to which the presiding judge responded, "I will overrule you on that." In several respects the charges of the court complained of were somewhat inaccurate. But, in view of the evidence and of the general charge, there was nothing requiring a new trial. The verdict of the jury was abundantly supported by the evidence, and none of the grounds of the motion for a new trial present any reason for a reversal.

*Judgment affirmed. All the Justices concur.*