### 17646. WEIL *v.* SCHOENBERG.

BELL, J. 1. Where a suit is brought in this State on a judgment of a court of another State, it is no defense to show merely that, because of certain facts existing at and before the rendition of such judgment, the defendant was not liable. In such a suit, the defendant can not avail himself of any defense which he could and should have made in the original case. This is to assume, without deciding, that the facts relied on by the defendant in the court below would have constituted a valid defense if duly pleaded in the action which culminated in the judgment sued on. *Hope* v. *First National Bank*, 142 *Ga.* 310 (4) (82 S. E. 929); *Spann* v. *Edwards*, 139 *Ga.* 715 (2) (77 S. E. 1128); *Heakes* v. *Heakes*, 157 *Ga.* 863 (122 S. E. 377); 34 C. J. 1130-33, §§ 1604-9.

2. Where, in such suit, the petition set forth a copy of the judgment, together with a certain certificate thereto by the clerk of the court in which it was rendered, which certificate alone was not a sufficient authentication, there was no just basis for a "plea of surprise" in the fact that the copy of the judgment as introduced in evidence, unlike that attached to the petition, was verified by additional certificates,

---

Appeal and Error, 4 C. J. p. 836, n. 77.

Continuances, 13 C. J. p. 176, n. 71, 72, 74, 76.

Judgments, 34 C. J. p. 1120, n. 75 New; p. 1130, n. 82; p. 1131, n. 90; p. 1132, n. 4.

New Trial, 29 Cyc. p. 862, n. 25; p. 1013, n. 57.

conforming to the act of Congress with reference to the exemplification of judicial proceedings of other States. Especially is this true where the attorney for the defendant in thus seeking a continuance of the case showed only that, in the state of the pleadings, he did not anticipate that such additional and proper certificates would be forthcoming, and that, in view of their introduction, he desired to obtain a record of the entire proceedings in which such judgment was rendered, it not appearing in this statement nor otherwise that the defendant had or would ever have any defense to submit in the cause. *Hyer* v. *Holmes & Co.,* 12 *Ga. App.* 837 (6) (79 S. E. 58).

3. Applying the above rulings, the court committed no error during the trial, the verdict as directed was demanded, and the defendant's motion for a new trial was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED APRIL 16, 1927.

Action on foreign judgment; from city court of Savannah — Judge Rourke. July 24, 1926.

*A. R. Fawcett, John R. Fawcett,* for plaintiff in error.

*N. J. Norman,* contra.