W. B. CUSHING v. W. H. STYRON.

*Attachment — Proceedings before the Clerk — Appeal — Amendment — Jurisdiction.*

1. Orderly method of procedure before the Clerk in attachment proceedings, and appeals therein, discussed by MERRIMON, C. J.

2. The Clerk has power to permit an amendment affecting the substance of an affidavit in attachment proceedings.

3. Where the Clerk refuses to allow an amendment, he may, and should, state his reason for such refusal, even after appeal to the Court in Term.

4. Where the parties agree that the Judge shall hear the appeal in Term, he acquires jurisdiction of the whole case, and should finally dispose of it on its merits, without remanding it to the Clerk.

This is a CIVIL ACTION, tried before *Shipp, J.,* at April Term, 1889, of NEW HANOVER Superior Court, upon a motion to vacate a warrant of attachment.

In the course of the action, the plaintiff availed himself of the provisional remedy of attachment. The defendant appeared and moved to discharge the same. The plaintiff, admitting that the affidavit to obtain the warrant of attachment was defective, moved before the Clerk of the Court to amend the same in a material respect. The Clerk denied the motion and gave judgment that the attachment be discharged, but, in such judgment, he failed to state the ground of such denial. From this judgment the plaintiff appealed to the Judge. Within three days after the rendition of the judgment, the Clerk, on motion of the plaintiff's counsel, made and signed his statement of the case on appeal, in which he stated that he denied the motion to amend, upon the ground that he was of opinion that he "had no right to permit such amendment," &c. The defendant's counsel had no notice of the filing of such

statement among the papers in the case. By consent, the appeal was afterwards heard by the Judge in Term time, the defendant objecting that the Clerk had no authority to make the statement mentioned, on the ground that it was made subsequent to the rendition of the judgment, in the absence of his counsel, and that the Clerk could not thus explain the grounds of his judgment.

The Court—the Judge in Term—reciting that the Clerk, having stated that he was of opinion that he had not, as matter of law, the right to permit the amendment mentioned, and that he, therefore, refused the same, "adjudged that the said judgment (of the Clerk) be reversed, and that this cause be returned to the said Clerk, with instructions to him to exercise his discretion and to grant, or refuse, the amendment asked for as to him may seem right and proper in the exercise of a reasonable discretion," &c.

The defendant excepted and appealed to this Court.

*Mr. T. W. Strange*, for the plaintiff.
*Mr. A. W. Haywood*, for the defendant.

MERRIMON, C. J.—after stating the facts: The Clerk of the Court, acting as and for the Court, had authority, out of Term time, to grant the warrant of attachment (*The Code*, § 351), and, likewise, to allow all proper amendments in that respect and connection. (*The Code*, §§ 251, 273.) From his decision an appeal lay to the Judge, which might be taken within ten days after the entry of the order or judgment complained of, and, within three days after the appeal was taken, it was the duty of the Clerk to "prepare a statement of the case, of his decision, and of the appeal," and sign the same. He should, within that time, have exhibited this statement to the parties or their attorneys; if it were satisfactory, the parties or their attorneys, should have signed the same; if either party objected to the statement as par-

tial or erroneous, he should have put his objection in writing, and this objection should have been attached to the statement of the case. Within two days after this was done, the Clerk should have sent such statement and the objections, and copies of all necessary papers, by mail, or otherwise, to the Judge for his decision. (*The Code*, §§ 252, 253, 254.) *Palmer* v. *Bosher*, 71 N. C., 291.

The Clerk failed to observe these statutory regulations. The Judge, seeing this, should at once have returned the statement to the Clerk, with directions to submit it to all of the parties or their counsel, as the statute directed, and then return the same with objections, if any, to him.

There is no substantial reason why the Clerk should not have stated the grounds of his judgment denying the amendment, after an appeal was taken. Indeed, it was proper and necessary that he should do so, to the end the Judge might review his judgment and correct the errors complained of, if they were such. The statute (*The Code*, § 254) directs that he "shall prepare a statement of the case," that is, a statement presenting the grounds of objection, and exceptions to his orders, and judgments objected to.

But it was not necessary to return the statement of the case to the Clerk in this case, because the parties agreed that the Judge should hear the appeal in Term time, as he did do. This gave him complete control of the matter in every aspect of it. The whole action was before him, and he could grant, or deny, the amendment of the affidavit in the exercise of a sound discretion. The jurisdiction of the whole action, including all the incidental and ancillary proceedings, was that of the Court—not that of the Clerk thereof—he was acting out of Term for the Court and as its servant. As the Court had such jurisdiction, and the judgment entered by the Clerk was objected to and appealed from, the motion to amend the affidavit was not determined.

It was open still, and the Court—the Judge in Term—might have heard it upon its whole merits and have granted or denied it—indeed, it should have done so. There was no necessity for, nor propriety in, sending the matter back to the Clerk. The Court itself could have disposed of the matter much more acceptably than the Clerk, and conclusively. *Marsh* v. *Cohen*, 68 N. C., 283.

The Court had power to allow the amendment affecting the substance of the affidavit. This has been decided repeatedly and broadly. *Brown* v. *Hawkins*, 65 N. C., 645; *Penniman* v. *Daniel*, 93 N. C., 332; *Branch* v. *Frank*, 81 N. C., 180; *Bank* v. *Blossom*, 92 N. C., 695.

The Court properly held that the objection to the statement of the Clerk as to the grounds of his denial to the motion to amend the affidavit, could not be sustained, but inasmuch as all the parties were before the Court in Term time, it should have heard the motion and allowed, or denied, it upon its merits. So much, therefore, of the order as directs the Clerk to allow, or deny, the motion, must be reversed, and the Court, in Term time, will allow or deny it, as indicated in this opinion. To that end, let this opinion be certified to the Superior Court.

Error.