## HOWLAND v. MARSHALL.

(December 22, 1900.)

1. *Appeal—Findings of Court—Mixed Questions of Law and Fact.* .

   The findings of trial court, on mixed questions of law and fact, are reviewable, at least as far as the relation between law and fact.

2. *Attachment—What is Not Fraudulent Disposition of Property—The Code, sec. 349.*

   The Code, sec. 349, sub-sec. 2, authorizing a warrant of attachment where a fraudulent disposition of property is made as against creditors, relates to the intent with which it is disposed of, not to the manner in which the property is acquired.

3. *Attachment—What is Not Fraudulent Disposition of Property—The Code, sec. 349.*

   Under The Code, sec. 349, sub-sec. 2, a deposit of money by a debtor in the hands of another to induce the latter to go on his bond to secure his release from jail, is not a fraudulent disposition.

CIVIL ACTION by R. S. Howland against L. J. Marshall, heard by Judge *O. H. Allen,* at November Term, 1900, of BUNCOMBE Superior Court. From an order containing an attachment against the property of the defendant, L. J. Marshall, he appealed.

*Merrimon & Merrimon,* for the plaintiff.
*George A. Shuford,* for the defendant.

DOUGLAS, J. This is an action to recover the sum of $1,000 on account of the alleged wrongful and fraudulent appropriation by the defendant, Marshall, of moneys belong-

ing to the plaintiff. On August 9, 1900, the plaintiff obtained an order of attachment against the property of the defendant on the sole ground of non-residence, and on August 29, 1900, served a notice of garnishment on the defendant, Baird, in whose hands Marshall had caused to be deposited the sum of $450 to secure said Baird from liability as surety for the appearance of Marshall on a criminal charge. Baird admitted the receipt of the said sum, and that he had sur-rendered Marshall to the sheriff, but claimed that he was entitled to a part of said money on account of certain personal transactions with Marshall. Upon the hearing the Clerk made the following order: "This cause coming on to be heard upon answer of John R. Baird, garnishee, to notice of garnishment served upon him, and it appearing to the Court that upon the statement of facts contained in said answer of said garnishee, the Court can not proceed to judgment, the Court thereupon, upon motion of plaintiff, orders an issue to be made up, and does make up the following issue, to be tried by a jury, as prescribed by sec. 366 of The Code, to-wit: 'Is the fund and money in the hands of John R. Baird, garnishee? Is any part thereof the property, or money, of the defendant, L. John Marshall, and, if so, what part?' and hereby transfers said issue to the civil issue docket of the Superior Court for trial; and the said John R. Baird is hereby enjoined and restrained from making any disposition of said fund and property until the further orders of this Court. This August 29, 1900. Marcus Erwin, C. S. C." On motion of defendant, and after notice and hearing, the Clerk made an order vacating the attachment, "the Court being of opinion that the defendant is a resident of the State of North Carolina, and the ground on which said warrant of attachment was issued was false in fact." From this order the plaintiff appealed.

All parties below seem to have recognized this action of the Clerk as within his jurisdiction, subject, of course, to review on appeal. The plaintiff insists that the Clerk merely "expresed the opinion" that the defendant was a resident of this State, and did not find it as a fact. We think otherwise. In any event, the Clerk vacated the attachment, and on appeal the matter was fully heard and considered in the Superior Court, where the following order was entered: "This cause coming on to be heard in open Court, in term time, by consent of both sides, upon the appeal of plaintiff from the order of the Clerk dissolving the attachment upon the ground that the Clerk was a non-resident of the State, and being argued by counsel for both sides, the Court is of opinion that, without passing upon the question of fact as to non-residence of defendant, the evidence is sufficient to justify the Court in continuing the attachment upon the ground of a fraudulent disposition of the funds in the hands of the garnishee; and therefore, on motion of counsel for plaintiff, the order of the Clerk dissolving the attachment is reversed, and the said attachment continued in force; and the issue between the plaintiff and the said garnishee, which has been transferred to this Court for trial, will be duly placed upon the civil issue docket, and stand for trial according to law. O. H. Allen, Judge Presiding." This case seems to come peculiarly within the rule laid down in *Cushing v. Styron,* 104 N. C., 338, where this Court says: "The Clerk of the Court, acting as and for the Court, had authority out of term time to grant the warrant of attachment (Code, sec. 351), and likewise to allow all proper amendments in that respect and connection. From his decision an appeal lay to the Judge. * * * But it was not necessary to return the statement of the case to the Clerk in this case, because the parties agreed that the Judge should hear the appeal in term time, as he did

do. This gave him complete control of the matter in every aspect of it. The whole action was before him, and he could grant or deny the amendment of the affidavit, in the exercise of a sound discretion. The jurisdiction of the whole action, including all the incidental and ancillary proceedings, was that of the Court, not that of the Clerk thereof. He was acting out of term for the Court, and as its servant. As the Court had such jurisdiction, and the judgment entered by the Clerk was objected to and appealed from, the motion to amend the affidavit was not determined. It was open still, and the Court—the Judge in term—might have heard it upon its whole merits, and have granted or denied it; indeed, it should have done so." Chap. 276 of the Laws of 1887 gives such power to the Judge in all cases. In the case at bar the Court seems to have heard the case "upon its whole merits," and to have decided it upon a point not even suggested before the Clerk. The plaintiff contends that we can not review the findings of the Court below. That depends upon the nature of those findings. If they are purely findings of fact, they are not reviewable if there is any evidence to support them; but, where they are mixed questions of law and fact, they are necessarily reviewable, at least as far as the relation between law and fact. *Wheeler v. Cobb,* 75 N. C., 21, 26. In that case this Court, reversing the Court below, says: "His Honor in the Court below decided the question of non-residence as one of fact, whereas it is one of law and fact." That case also draws a very clear distinction between domicile and residence, which, we think, is applicable to the case before us. The Court below did not pass upon the question of non-residence, the only ground alleged for the original attachment, but continues the attachment "upon the ground of a fraudulent disposition of the fund in the hands of the garnishee. We are compelled to

say that we see no evidence of such fraudulent disposition. It appears that the defendant has been arrested on four different criminal warrants issued at the instance of the plaintiff, and that, so far from being a non-resident, his present residence is in the Buncombe County jail. It appears from the entire evidence, as far as we can see, that he deposited the money in the hands of Baird in accordance with an agreement with Baird to induce the latter to go on his bond. His purpose was evidently to keep out of jail, and we are at a loss to see how such a purpose is in itself fraudulent. It seems to us that his Honor was inadvertent to the difference in the requirements for a warrant of attachment and that in arrest and bail, especially as he finds as a fact in this case that "there are four indictments now pending in the Superior Court against the defendant for obtaining money and property of plaintiff by false pretense." This finding meets none of the requirements of sec. 349, sub-sec. 2, Code. That section has nothing to do with the manner in which the property is acquired, but assigned, disposed of, or secreted. The only property or money that he appears to have disposed of is that which he put up in lieu of bond, and that which he put up to secure a bond in criminal prosecutions apparently instigated by the plaintiff. As we see no legal grounds for the warrant of attachment, it must be dismissed. The judgment of the Court below is reversed.

Reversed.

CLARK, J., (concurring.) This action was brought to the term of Court. The Clerk had jurisdiction to issue the warrant of attachment, the ancillary remedy in the cause. Upon answer filed, he transferred the issue thereby raised on August 29th to the Court at term. He was, therefore, *functus officio,* and acting without authority, when, in Octo-

ber, he entertained and granted a motion to vacate the attachment, which was no longer before him. *Forbes v. McGuire,* 116 N. C., 449. But on appeal to the Judge the latter had jurisdiction (Acts 1887, chap. 276; *Roseman v. Roseman* [at this term]—), and the action of the Judge was erroneous, for the reasons given in the opinion of the Court.