## WILLIAM A. WILLIAMSON v. THOMAS J. JEROME ET AL.

(Filed 19 May, 1915.)

**1. Judgments—Courts—Foreign Jurisdiction—Fraud.**

The fraud in procuring a judgment in another State which judgment the courts of this State will vitiate and set aside must have been of such character as to have rendered defenses unavailable to the defendant in that action, and the judgment will not be disturbed when it appears that the elements of fraud relied on to set it aside were interposed and relied on in the former action, and all matters relating thereto were embraced within the scope of the former trial and therein determined and adjudicated.

**2. Same—Evidence—Nonsuit.**

In an action to set aside a judgment rendered in a foreign jurisdiction for fraud, the evidence tended only to show that the funds of defendants' bank were attached in New York by the judgment creditor under allegation that the bank was a party defendant in that action; that the plaintiffs herein voluntarily went to New York, entered an appearance in the

action there, and unsuccessfully resisted judgment; that upon answer filed the action against the bank was dismissed, and that no funds of the present plaintiffs were attached in the former action. *Held,* that by entering an appearance in that action the plaintiffs voluntarily submitted themselves to the jurisdiction of the court, which they were not required to do in defense of their rights, and there being no evidence of fraud in the procurement of the judgment, a judgment of nonsuit in the present action was properly entered.

APPEAL by defendant from *Adams, J.,* at November Term, 1914, of ROWAN.

Civil action, tried upon these issues:

1. Was the judgment sued on in this case procured by the fraud of the plaintiff, as alleged in the answer? Answer: "No."

2. In what amount, if any, are the defendants T. J. Jerome, T. H. Vanderford, William F. Snider, and Tola D. Maness indebted to the plaintiff? Answer: "$5,692.93, with interest from 28 November, 1913, and $101.40, with interest from 27 March, 1914."

3. In what amount, if any, is the defendant Moses L. Jackson indebted to the plaintiff? Answer: "$5,692.93, with interest from 28 November, 1913, and $101.40, with interest from 27 March, 1914" (by consent of defendant Jackson).

From the judgment rendered the defendants appealed.

*John S. Henderson for plaintiff.*
*A. H. Price, W. P. Bynum, T. H. Calvert for defendant.*

BROWN, J. This is an action brought to recover upon a judgment obtained by the plaintiff against the defendants, Jerome, Vanderford, Snider, and Maness, in the Supreme Court of the State of New York, in New York County. Defendants pleaded that said New York judgment had been procured by fraud. Defendant Jackson was not sued in the action in New York, but by his own request became a party to this action, and judgment rendered against him in the court below, he admitting that his liability was the same as the other defendants.

The Wachovia Bank and Trust Company, a North Carolina corporation, was made a party to this action in the New York court, and attachment proceedings were sued out in said action against all the New York defendants; but no property of the individual defendants was found or attached; and no property of the bank was attached as that of the individual defendants. Upon the trial in the New York court, a separate answer having been interposed by the bank, the action was dismissed as against the bank.

The action in the New York court was brought to recover the value of services by way of commissions, which the plaintiff claimed that the defendants owed him for procuring a purchaser for certain stocks and bonds of the Salisbury and Spencer Railway Company.

The complaint alleged the employment of the plaintiff and that he procured as a purchaser W. N. Coler & Co., and that the agreed value of the services was $5,000, and that the plaintiff had not been paid. The defendants answered, admitting that the plaintiff had not been paid, but denied the employment, as well as the value of the alleged services.

The case was tried in November, 1913, in the Supreme Court, trial term, in the city of New York. The defendants were present in person as well as by attorney, and the cause was tried before a jury. Some of the defendants testified on the witness stand. The presiding justice delivered his charge to the jury and a verdict was rendered for the plaintiff.. The defendants appealed the case to the Appellate Division of the Supreme Court of New York, and judgment was affirmed.

The plaintiff having brought his action in the Superior Court of Rowan County to recover on the New York judgment, the defendants set up a plea of fraud, and alleged, in substance, that the plaintiff, in order to secure jurisdiction of the defendants in New York, as the defendants allege, made the Wachovia Bank and Trust Company of Winston, N. C., a party to the action in New York, and attached large sums of money in the banks of New York belonging to the said Wachovia Bank and Trust Company, and falsely and fraudulently alleged in his complaint and affidavit of attachment that the said bank was a party to the contract by which the plaintiff was employed to sell said stocks and bonds.

The defendants also allege that the plaintiff, in order to force them to enter an appearance in said action in New York, which they did, and in order to secure jurisdiction of the defendants in that action, including the said bank, falsely and fraudulently alleged that the said bank was a party to his contract of employment, and that the money attached belonged to the defendants in that action, including these defendants.

There was no other evidence of fraud offered. His Honor instructed the jury, if they believed the evidence, to answer the first issue "No." The correctness of this ruling is the principal assignment of error.

We agree with his Honor that there is no evidence whatever of fraud practiced by the plaintiff in procuring a judgment against the defendants in the New York court. The fraud for which a judgment may be enjoined in another State must consist in the procuring of such judgment. The courts of this State will not vacate or enjoin a judgment merely based upon a cause of action, which may be vitiated by fraud, for this is a valid defense which may be interposed at the trial; and unless its interposition is prevented by the fraud of the adversary, it cannot be asserted against a judgment either foreign or domestic. Black on Judgments, sec. 919, and cases there cited.

It has been held in this State that in an action in the courts of this State on a judgment rendered in a sister State it is open to the defendant

to allege and prove fraud in the procurement of the judgment, and the term "fraud" in this connection includes all such circumstances of fraud or imposition in procuring the judgment as would induce and authorize the courts of the original forum to interfere to prevent the enforcement of an unconscionable recovery.　*Mottu v. Davis,* 151 N. C., 237.

Again, it is said in the same case, 153 N. C., 160: "The fraud which warrants equity in interfering with such a solemn thing as a judgment must be such as is practiced in obtaining the judgment, and which prevents the losing party from having an adversary trial of the issue."

The fact that the plaintiff saw fit to sue the bank and trust company, along with these defendants, in the New York court, is no evidence of a fraudulent purpose to decoy the defendants to that jurisdiction.　The plaintiff doubtless thought he had a good cause of action against the bank and trust company.　The plaintiff claimed that the whole amount of the purchase price for the stocks and bonds of the railway company, paid by Coler & Co., was received by the bank, and that in this transaction the defendant Snider and the cashier of the bank acted for the bank.

The plaintiff claimed that at every stage the bank was sanctioning the employment of the plaintiff.　We fail to see how the presence or absence of the individual defendants in any way affected the action against the bank.　There was no correspondence between the plaintiff and the defendants in evidence by which the defendants were decoyed to New York for the purpose of having service made upon them.　It was the bank's duty to defend its own case, and if the defendants went to New York for the purpose of defending the action, it was their own voluntary act.

The fact that the bank succeeded in having the attachment set aside as to its funds is no evidence of any fraud in procuring the judgment against the indvidual defendants.　Where a suit is brought against a nonresident defendant, and the service of process is by publication, if he voluntarily appears and defends the action the court acquires complete jurisdiction of his person, and the judgment is valid and binding alike in the State where rendered, in the domicile of the defendant, and in all other courts.　Black on Judgments, sec. 908.

In order to constitute a fraudulent procurement of the defendant for the purpose of service, there must be actual fraud or trick upon the defendant.　A mere request to him to go to another State and defend a suit in attachment actually pending there is not a fraudulent device.　Black on Judgments, sec. 909.　See, also, *Duringer v. Moschino,* 93 Ind., 495.

These defendants were not required to appear and defend the action in the New York court.　No property of these individuals had been attached, for none had been found.　There was no issue raised in respect

to the ownership of any property claimed by these defendants. The property attached belonged solely to the bank, and it was the bank's duty to defend its rights. If these defendants rushed to its rescue, it was their voluntary act.

There is nothing in the evidence which tends to prove that the defendants were denied any opportunity to make good such defenses as they had. The record of the trial, together with all the evidence taken in the New York court, is set out, together with the charge of the presiding judge, and the entire record shows that these defendants presented every possible defense, and that the judgment against them was affirmed by the appellate tribunal.

We agree with his Honor that there is no evidence of fraud to support the plea which the defendants have interposed.

The judgment of the Superior Court is

Affirmed.