## T. R. BRANN v. W. M. HANES ET AL.

(Filed 23 November, 1927.)

**1. Appeal and Error—Process—Service—Publication—Attachment—Review.**

The findings of fact, supported by the evidence and approved by the judge, on motion made by special appearance, to dismiss an action on the ground that the defendant, on whom service was made by publication and attachment in case of nonresidence, C. S., 484(3), 799(2), was in fact a resident of the State having the *animus revertandi: Held*, not subject to review on appeal to the Supreme Court.

**2. Process—Summons—Publication—Attachment—Nonresident— Animus Revertandi.**

One who has left the State for an indefinite time, his return depending upon a doubtful contingency, is a nonresident for the purpose of service of summons by publication and attaching his property in this State in order to bring him under the jurisdiction of our courts, and his motion made by special appearance to vacate the attachment on this ground will be denied. C. S., 484(3), 799(2).

**3. Same—Lien of Attachment—Courts—Jurisdiction.**

Where the service by publication and attachment on a defendant absent from the State comes within the provisions of C. S., 484(3), 799(2), and thereunder his property here has been attached as required to give validity to the publication of service, he may submit himself to the jurisdiction of the court and relieve his property of the levy in attachment.

APPEAL by defendant, W. M. Hanes, from order of *Harding, J.*, dated 17 June, 1927. From FORSYTH. Affirmed.

Action to recover of defendants, officers and directors of an insolvent bank, a sum of money on deposit in said bank, to the credit of plaintiff at the date of the appointment of a receiver therefor.

In his complaint plaintiff alleges that said deposit was received when the bank, to the knowledge of defendants, was insolvent, and further that its insolvency, resulting in loss to him as a depositor, was caused by negligence of defendants, as officers and directors of said bank. Upon these allegations he contends that defendants are personally liable to him for his loss.

The summons in the action was personally served on all the defendants, except W. M. Hanes. As to him, the summons was returned with the following endorsement by the sheriff of Forsyth County: "Not executed as to W. M. Hanes, after due diligence. W. M. Hanes cannot be found in Forsyth County."

Warrant of attachment and order for service of summons by publication on defendant, W. M. Hanes, were issued by the clerk of the Superior Court of Forsyth County. The said clerk found from affidavits duly filed that W. M. Hanes is a nonresident of the State of North Carolina; that he has property in said State, and that plaintiff has a cause of action against said W. M. Hanes, as set out in his duly verified complaint. Said warrant and order are both dated 25 January, 1927, and were returnable before said clerk on 28 February, 1927.

On 31 January, 1927, attorneys for said defendant entered a special appearance in this action in his behalf and moved before the clerk that the attachment levied upon his property in Forsyth County, pursuant to said warrant, be vacated, for that said W. M. Hanes is not and never has been a nonresident of the State of North Carolina; it was alleged that he is now, and at all times during his life has been a resident of said State.

At the hearing of said motion, upon findings of fact made by the clerk from affidavits filed by both defendant and plaintiff, an order was entered denying the motion. From this order defendant appealed to the judge of the Superior Court holding the courts of Forsyth County.

The said judge sustained the findings of fact made by the clerk and affirmed his order.

From the order of the judge, affirming the order of the clerk, and denying the motion to vacate the attachment, defendant appealed to the Supreme Court.

*Manly, Hendren & Womble and Fred M. Parrish for plaintiff.*

*Swink, Clements & Hutchins, Brooks, Parker, Smith & Wharton and Edwin J. Martinet for defendant.*

CONNOR, J.   The sole question presented for decision by this appeal is whether there was error in holding that W. M. Hanes was a nonresident of the State of North Carolina, at the date on which the warrant of attachment and order for service of summons by publication were issued in this action within the meaning of C. S., 484, subsection 3, and of C. S., 799, subsection 2.   The Court so held upon the facts found from the evidence offered at the hearing of the motion to vacate the attachment solely upon the ground that said W. M. Hanes was not a nonresident of the State at said date.   The findings of fact made by the clerk and sustained by the judge are supported by the evidence; we must, therefore, on the appeal to this Court, take such facts as true, for it is well settled that on an appeal to this Court, from an order made by the judge sustaining findings of fact made by a clerk of the Superior Court, on a motion made before the clerk to vacate an attachment, the findings of fact made by the clerk and sustained by the judge are not reviewable.   They are conclusive upon an appeal to this Court, where they are taken as true, when there is evidence in support of the findings. *Hennis v. Hennis,* 180 N. C., 606; *Mfg. Co. v. Lumber Co.,* 177 N. C., 404; *Lumber Co. v. Buhmann,* 160 N. C., 385.

It appears from the findings of fact made by the clerk, and approved by the judge, all of which are set out in the order from which defendant has appealed to this Court, that prior to 1 January, 1926, W. M. Hanes was a resident of Winston-Salem, N. C., where he had been actively engaged in business for many years; that in October, 1925, he became desperately ill, suffering a relapse from tuberculosis, from which disease he had suffered, intermittently, since 1913; that while thus desperately ill, on or about 1 January, 1926, he was taken from his home in Winston-Salem, N. C., to Saranac Lake, in the State of New York, where he has maintained for many years a winter home, which he and his family had, during previous years, occupied from time to time.

Prior to 1 January, 1926, while at his winter home at Saranac Lake, the said W. M. Hanes always intended to return to his home in Winston-Salem, after remaining at Saranac Lake for a definite time, and in accordance with such intentions he has heretofore so returned. Since 1 January, 1926, he has resided continuously at Saranac Lake, not having returned to North Carolina at any time; since said date he has been and is now very ill, under the constant care of physicians and nurses; his return to Winston-Salem is altogether contingent upon his recovery, and while he intends to return to North Carolina upon the recovery of his health, the duration of his residence in the State of New York and of his absence from the State of North Carolina is uncertain and indefinite, because of the nature of his illness. His physicians, while hopeful of his recovery, are unable to state with any degree of assurance that he will recover his health to such an extent, at least, that he will be able to leave New York and return to North Carolina, nor are they able to predict, if he shall recover, when he will be able to do so. The said W. M. Hanes has property interests in Winston-Salem, N. C., of large value; he also owns property of considerable value at Saranac Lake, N. Y. He is a very wealthy man, and for many years has been a director of the bank which has become insolvent because, as alleged by plaintiff, of the negligence of its officers and directors, with the result that plaintiff and other depositors have sustained heavy losses.

Upon the foregoing facts there is no error in the holding that W. M. Hanes is a nonresident of the State of North Carolina, within the meaning of C. S., 484, subsection 3, and of C. S., 799, subsection 2, and the order denying the motion of defendant to vacate the attachment upon his property pursuant to the warrant issued in this action, upon the ground that he is not a nonresident of this State, is affirmed.

Whether or not the defendant has retained his domicile in this State, is not determinative of the question here presented for decision. In *Wheeler v. Cobb,* 75 N. C., 21, it is said that one may be a nonresident without losing his domicile or rights of citizenship in the State of his origin or gaining a domicile in another State. It is there held that one may have his domicile in North Carolina, and his residence elsewhere, and that, therefore, where one voluntarily removes from this to another State, for the purpose of discharging the duties of an office of indefinite duration, which requires his continued presence there for an unlimited time, such person is a nonresident of this State for the purpose of attachment, notwithstanding he may visit the State and have the intent to return at some time in the future. This principle has been uniformly and consistently approved in subsequent decisions of this Court. *Ransom v. Comrs., ante,* 237; *Roanoke Rapids v. Patterson,* 184 N. C., 135;

*Mahoney v. Tyler,* 136 N. C., 41; *Howland v. Marshall,* 127 N. C., 427; *Chitty v. Chitty,* 118 N. C., 647; *Fulton v. Roberts,* 113 N. C., 422; *Carden v. Carden,* 107 N. C., 215.

In *Chitty v. Chitty,* 118 N. C., 647, *Faircloth, C. J.,* says: "The definitions of 'residence' are sometimes apparently conflicting, owing mainly to the nature of the subject with which the word is used, the purpose being always to give it such meaning and force as will effectuate the intention of that particular statute." The statutes providing for service of summons by publication, and attachment of property within the State, were enacted for the purpose of enabling the courts of this State in cases to which the statutes are applicable, to acquire jurisdiction to pass upon and adjudicate the rights of a plaintiff against a defendant, who has property in the State, but upon whom summons cannot be personally served, because of his absence from the State, and therefore not subject to personal service of process issuing from its courts. Where defendant, against whom a plaintiff has a cause of action, has property in the State, but is absent therefrom for an indefinite duration of time, with no intention to return within a period reasonably definite, he is, for the purpose of attachment of his property and service of summons by publication, a nonresident in law as well as in fact. The best evidence to the contrary would be his return to the State, where summons could be served upon him, personally, as upon other residents. Whatever be the cause of his absence from the State, if such absence prevents personal service of summons upon him during an indefinite period of time, he cannot complain that in law he is held to be a nonresident of the State for purposes of service of summons upon him, and attachment of his property situate within the State, as foundation for service of summons by publication. If upon the levy of an attachment upon his property, he promptly returns to the State, and thereby subjects himself to personal service of summons, his motion to vacate the attachment upon the ground that he is not a nonresident, would seem generally to be well sustained. If his situation be such that he cannot, without loss to himself, or without personal risk which he does not care to incur, return to the State, of which he contends that he is a resident, he may, of course, accept service of summons (C. S., 489, subsec. 3), or he may authorize his attorney to enter a general appearance for him in the action (C. S., 490), and thus meet the contention of the plaintiff that he is a nonresident. Such action on his part would be consistent with his contention that notwithstanding his absence from the State, at the time the summons and warrant of attachment were issued, he is not a nonresident of the State, but is a resident thereof, and as such, subject to personal service of summons as are

other residents, whose property is not subject to attachment. If with actual knowledge that he has been made a party defendant in an action pending in a court of this State, he remains out of the State for an indefinite time, thereby avoiding personal service of summons, his conduct in that respect is inconsistent with a contention that he is a resident of the State, and that, therefore, his property in the State is not subject to attachment as a basis for the service of summons on him by publication. If he is a resident of the State, he ought to be and is subject to personal service of summons, issued by its courts, within a reasonable time after the issuance; if he is a nonresident, and has property in the State, subject to the jurisdiction of its courts, summons may be served upon him by publication, and his property may be attached, in accordance with the provisions of the statutes. It would be a reproach to the law if a defendant, who has property in this State, and against whom a plaintiff has a cause of action, could remain out of the State for an indefinite time, and thereby avoid service of summons by his contention that notwithstanding his absence from the State, he was a resident thereof and subject to personal service only. If such a defendant is a resident of the State during all the time he is absent therefrom, because he intends, upon the happening of a doubtful contingency, to return thereto, summons can be served on him only by the sheriff or other officer reading the same to him, in person, and leaving a copy with him. Manifestly this cannot be done so long as he remains out of the State. If he remains out of the State indefinitely, and can sustain his contention that in law he is a resident thereof, he becomes immune to service of process issuing out of the courts of this State. The law does not permit this, although defendant's absence from the State is caused by his misfortune, as in the instant case.

The defendant, W. M. Hanes, is not now subject to personal service of summons in this action, because he is not within the State; it is manifest, we think, from the facts appearing in this record, that he will not be subject to such service in the future within any reasonable time. He is in law as well as in fact a nonresident of the State. There is, therefore, no error in .the refusal of the court, by its order herein, to vacate the attachment, which upon the facts of this cause would require the dismissal of the action, for without the attachment the service of the summons by publication would be ineffective. *Everitt v. Austin,* 169 N. C., 622.

Our decision in the instant case is supported by authorities, not only in this State, but elsewhere. See annotation in 26 A. L. R., p. 180, where many cases are cited and discussed. All the authorities sustain the following statement of the law:

"Actually ceasing to dwell within a State for an uncertain period, without definite intention as to any fixed time of returning, constitutes nonresidence, even though there be a general intention to return at some future time. *Weitkamp v. Lochr* (1886), 21 Jones & S. (N. Y.), 29."

Affirmed.