FRANCIS A. CODY v. GEORGE I. HOVEY.

(Filed 9 April, 1941.)

**1. Pleadings § 23—**

A demurrer to an affirmative defense was sustained on the former appeal. Thereafter defendant moved in the trial court to be allowed to amend. *Held:* The motion to be allowed to amend the answer was addressed to the discretion of the trial court.

**2. Appeal and Error § 37b—**

A discretionary ruling of the Superior Court is not reviewable on appeal unless it clearly appears that there has been an abuse of the discretionary power, and defendant's exception to a discretionary ruling of the trial court in the present case cannot be sustained.

**3. Pleadings § 23—**

Plaintiff appealed from the order of the clerk allowing defendant's motion to be allowed to amend answer after judgment sustaining demurrer to an affirmative defense set up therein had been affirmed on appeal. *Held:* Upon appeal to the judge, the fact that the clerk had ruled on the motion, in vacation, in no way limits the discretion of the Superior Court. but the court has the power to consider the motion *de novo* in the exercise of its sound discretion.

**4. Courts § 2c—**

Upon appeal from the rulings of the clerk, in vacation, upon procedural motions in pending civil actions, C. S., 403, the jurisdiction of the Superior Court is not derivative but the judge hears the matter *de novo.*

**5. Same—Defendant held to have waived any irregularity in procedure for hearing appeal from clerk by appearing and arguing appeal without objection.**

Where an appeal from an order of the clerk is noted at the time and is heard without objection at the term of the Superior Court beginning two

days thereafter, but upon failure of the judge to decide the appeal before leaving the district, is placed on the calendar and reached the second term following, at which time without objection the parties appear and argue the matter before the presiding judge, any irregularity in procedure is waived, and defendant's contention that the appeal from the clerk should have been dismissed for failure to comply with C. S., 635, is untenable.

**6. Trial § 1—**

The fact that the court's order setting an appeal from the clerk for hearing is made out of the term, is immaterial when the parties voluntarily appear on the date set, and full opportunity is afforded the parties to present their cause.

**7. Courts § 1b—When matters affecting jurisdiction are brought to court's attention, it must determine jurisdictional question before rendering final judgment.**

In this action upon a judgment of another state, defendant sought leave to amend to allege that the judgment sued on by plaintiff was based upon a gambling contract denounced by C. S., 2144, and contended that by provision of the statute the court was without jurisdiction of the action. *Held:* Even though the Superior Court has the power in its discretion to deny the motion to be allowed to amend, yet the facts alleged in the proposed amendment are in the nature of a plea to the jurisdiction, and the court cannot render final judgment until it has determined such plea.

**8. Courts § 1a—**

Jurisdiction of a court cannot be conferred by failure of defendant to properly plead to the jurisdiction.

**9. Judgments § 40: Constitutional Law § 23—**

The provision of the Federal Constitution, Art. IV, sec. 1, that each state give full faith and credit to the judicial proceedings of every other state does not prevent a state from withdrawing the jurisdiction of its courts from an action to enforce a judgment rendered in another state when it is made to appear clearly that the judgment was awarded on transactions forbidden by the public policy or statute of the state.

**10. Same: Contracts § 7d—In action on foreign judgment, defense that it was based on gaming contract may not be asserted when such defense is concluded by the judgment sued on.**

This action was instituted on a judgment of the State of New York. Defendant sought to amend its answer to allege that the judgment was based on a gaming contract proscribed by C. S., 2144, and contended that by provision of the statute our Court was without jurisdiction of the action. *Held:* Under the provisions of the full faith and credit clause of the Federal Constitution, Art. IV, sec. 1, our courts are precluded from determining the question of the validity of the contract if that question was or should have been presented as a defense in the original action and the defendant is precluded by the judgment sued on from asserting such defense in this jurisdiction, since in such instance the judgment of the State of New York is conclusive here while it stands unreversed in the court where rendered, but if such defense was not considered or concluded in the New York court such defense is available to defendant in plaintiff's action on the judgment.

**11. Contracts § 7d—**

Under New York law, a wagering contract under which profit or loss to the parties is to be determined by the market quotations of stocks or commodities, without intending a *bona fide* purchase or sale of same, is illegal.

**12. Appeal and Error § 48—Cause remanded for determination of jurisdictional question presented by proposed amendment to answer.**

In this action on a judgment of the State of New York, defendant moved for leave to amend his answer to allege that the judgment was based on a gaming contract, and that therefore our Court was without jurisdiction of the action. The trial court, in its discretion, denied the motion to amend, and, there being no valid defense set up in the answer as constituted, entered judgment on the pleadings. *Held:* The denial of the motion to amend is affirmed, but the cause is remanded in order that the court find facts determinative of whether the question of the invalidity of the contract was concluded by the New York judgment, and if not, whether the contract constituting the basis of the judgment is one condemned by C. S., 2144, since the court cannot render final judgment until it has determined the jurisdictional question.

APPEAL by defendant from *Phillips, J.,* at November Term, 1940, of CALDWELL.    Error and remanded.

This was an action upon a judgment rendered in the State of New York. The case was here at Fall Term, 1939, reported in 216 N. C., 391, 5 S. E. (2d), 165, and again at Spring Term, 1940, reported in 217 N. C., 407, 8 S. E. (2d), 479. On the first appeal the Court considered plaintiff's demurrer to the answer, wherein it was attempted to set up as an affirmative defense that the transaction upon which the New York judgment was founded was a gambling contract prohibited by C. S., 2144. It was held that the answer did not set up sufficient facts to constitute a valid defense on that ground. The demurrer was sustained, with right to defendant to move for leave to amend in accordance with the statute. Other matters pertaining to the pleadings, not now pertinent, were disposed of by the opinion on that appeal. The second appeal was from the denial, as a matter of law, of the motion to amend, on the ground that the motion had not been made in time. It was held here that the Superior Court had power to entertain the motion, and that the refusal to do so as a matter of law was error.

Thereafter motion was made before the clerk for leave to file an amendment to the answer. The motion was allowed by the clerk and the plaintiff excepted and appealed to the judge. The matter finally came on for hearing at the November Term of the Superior Court of the county before Judge Phillips, who, after hearing the arguments of counsel for plaintiff and defendant, and being of opinion that it would not be in the furtherance of justice to allow the proposed amendment, in his discretion, denied the defendant's motion for leave to file the amendment.

The defendant having admitted all the allegations of the complaint, and the demurrer to his affirmative defense having been sustained, the court thereupon rendered judgment on the pleadings for the amount alleged in the complaint. The defendant appealed.

*Gover & Covington and Hugh L. Lobdell for plaintiff, appellee.*
*Pritchett & Strickland for defendant, appellant.*

DEVIN, J. This case comes to us upon appeal by defendant from an order of the court below denying his motion for leave to file amendment to his answer, and from judgment on the pleadings for plaintiff.

It was admitted in the pleadings that in an action duly constituted in the Supreme Court of the State of New York, a court of general jurisdiction, wherein Francis A. Cody was plaintiff and Herman W. Booth and George I. Hovey were defendants, judgment was rendered that plaintiff recover of defendant the sum of money alleged. It was also admitted that defendant Hovey was duly served with process in that case, and that he answered, appeared and defended on the merits; that the trial resulted in verdict and judgment for plaintiff; that defendant appealed to the Appellate Division of the Supreme Court of New York, and that the judgment of the trial court was affirmed, April, 1938. No part of the judgment has been paid. The case is reported, without opinion, in 4 N. Y. S. (2), 187, under the title of "Francis A. Cody *v.* Herman W. Booth, defendant, impleaded with George I. Hovey, appellant."

The defendant having admitted all the allegations of the complaint, and relying solely upon the affirmative defense set up in his answer, when the demurrer to that defense in the answer was sustained, the defendant was left defenseless, and, nothing else appearing, the plaintiff was entitled to judgment on the pleadings. Therefore, the defendant seeks to have us reverse the ruling of the court below denying his motion for leave to file the amendment to his answer.

The denial of defendant's motion for leave to file amendment to his answer was specifically declared to be in the exercise of the discretion of the court. When discretion to do or not to do an act is vested in the court, its exercise may not be called in question, unless it clearly appears that there has been an abuse of the discretionary power. It was said in *Osborne v. Canton, ante,* 139: "Decisions of the Court are uniform in holding that after time for answering a pleading has expired, an amendment thereto may not be made as of right, but it is a matter which is addressed to the discretion of the court and its decision thereon is not subject to review, except in case of manifest abuse." *Biggs v. Moffitt,* 218 N. C., 601, 11 S. E. (2d), 870; *Hogsed v. Pearlman,* 213 N. C., 240, 195 S. E., 789; *Church v. Church,* 158 N. C., 564, 74 S. E., 14.

In this case we find nothing in the record before us that would require us to hold that the denial of defendant's motion was characterized by abuse of the judicial discretion vested in the judge below. *Hensley v. Furniture Co.*, 164 N. C., 148, 80 S. E., 154. Defendant's exception on that ground cannot be sustained.

The point is made that the clerk, who first heard defendant's motion for leave to file amendment to his answer, allowed the motion, and that the judge heard the matter upon appeal from the ruling of the clerk. But that did not deprive the judge of the power to decide the matter in his discretion when it was properly brought before him. The clerk's ruling, in vacation, upon a motion in a civil action pending in the Superior Court, could not fetter the power of the judge upon appeal duly taken from such ruling. The cause was in the Superior Court and when the matter came before the judge for review his jurisdiction to hear and determine was not derivative. He had the power to consider it *de novo*. *Caldwell v. Caldwell*, 189 N. C., 805, 129 S. E., 329; *In re Estate of Wright*, 200 N. C., 620, 158 S. E., 192; *Windsor v. McVay*, 206 N. C., 730, 175 S. E., 83; C. S., 637; McIntosh Prac. & Proc., 62; *Hall v. Artis*, 186 N. C., 105, 118 S. E., 901; *Thompson v. Dillingham*, 183 N. C., 566, 112 S. E., 321; *Roseman v. Roseman*, 127 N. C., 494, 37 S. E., 518. While the clerk is given certain powers, under C. S., 403, with respect to procedure in civil actions, in vacation, his action is under the control and supervision of the judge when the matter is brought before him by appeal. *Turner v. Holden*, 109 N. C., 182, 13 S. E., 731; C. S., 547. In *Cushing v. Styron*, 104 N. C., 338, 10 S. E., 258, the clerk denied the motion to amend the affidavit in attachment. The plaintiff in that case appealed to the judge, who remanded the cause. Upon appeal to the Supreme Court, the judge was reversed, and it was held that the case being before the judge by appeal it was his duty to allow or deny the motion in his discretion. The Court said: "The whole action was before him (the judge), and he could grant or deny the amendment of the affidavit in the exercise of sound discretion. The jurisdiction of the whole action, including all the incidental and ancillary proceedings, was that of the court—not that of the clerk thereof; he was acting out of term for the court and as its servant."

Defendant further challenges the correctness of the ruling below on the ground that the appeal from the clerk should have been dismissed for failure to comply with C. S., 635. This position, however, cannot be sustained. It appears that the order of the clerk allowing the motion to amend was dated 18 May, 1940, and the appeal therefrom by the plaintiff was noted at that time. Without objection the appeal was heard at the May Term of the Superior Court of the county by Judge Gwyn, who, after hearing argument by both sides, took the matter under advise-

ment, but did not decide it before leaving the district. Thereafter the case was placed on the calendar and was reached at the November Term, on 2 December, 1940. At that time, without objection, the defendant appeared by counsel and argued the matter before the presiding judge. If there was any irregularity in the procedure by which the appeal came on to be heard by the judge, manifestly defendant has waived any right now to object. The fact that the order setting the matter for hearing 2 December, 1940, was made by the judge out of term is of no consequence, since the parties voluntarily appeared on that date, and full opportunity was afforded defendant to present his cause.

The defendant in his argument in this Court presented the view that his proposed amendment, regardless of the manner and form in which it reached the court, contains allegations of fact which raise the question of the jurisdiction of the court to hear and determine the cause, and that it was necessary for the court to consider it and to find the facts essential to its jurisdiction before rendering final judgment.

While the court below denied defendant's motion for leave to file the amendment, still, by virtue of the defendant's appeal, the proposed amendment is in the record, and we have examined it and noted the allegations of pertinent facts therein stated. It is substantially alleged that the transactions and dealings upon which the New York judgment was based were purely gambling transactions and gambling contracts, mere wagering upon the rise and fall of the market prices of certain stocks, and that there were no actual purchases or sales or deliveries of securities nor intention that there should be actual purchases or deliveries, nor were the contracts in regard thereto in accord with the rules of any exchange where the securities were dealt in. It is apparent that the transactions, as alleged, come within the definition of transactions and dealings denounced by C. S., 2144. While the gambling transactions described are alleged to have taken place between plaintiff and Herman W. Booth and the connection of this defendant therewith does not appear, it is alleged that the judgment of the New York court against this defendant was based upon those transactions.

The statute, C. S., 2144, after defining gambling contracts, contains this provision: "Nor shall the courts of this state have any jurisdiction to entertain any suit or action brought upon a judgment based upon any such contract." Defendant relies upon this clause in the statute as sufficient to deprive the court of power to entertain plaintiff's action and to render void the judgment entered therein.

It is declared in Art. IV, sec. 1, of the Constitution of the United States that, "Full faith and credit shall be given in each state to the . . . judicial proceedings in every other state," but this would not prevent a state from withdrawing the jurisdiction of its courts from an

action to enforce a judgment rendered in another state when it is made to appear clearly that the judgment was awarded on transactions forbidden by the public policy or statute law of the state, and that the question of the illegality of such transactions had not been raised, considered or determined in the court of the original forum. This is the principle enunciated by this Court in *Mottu v. Davis,* 151 N. C., 237, 65 S. E., 969; *Williamson v. Jerome,* 169 N. C., 215, 85 S. E., 300.

We quote from the well considered opinion of *Hoke, J.,* in *Mottu v. Davis, supra, a*s follows: ". . . we are clearly of opinion that the legislation relied upon by defendant for his protection (Rev., 1689, now C. S., 2144) is not available for that purpose on the facts presented here, and for the reason indicated, that on pleas properly entered in the Virginia court the very question was raised whether the plaintiff's demand arose out of a gaming transaction, and on investigation had was determined against the defendant; and when this occurs, as indicated in *Fauntleroy v. Lum, supra* (210 U. S., 230), an erroneous ruling of the trial court would be an error of law, to be corrected only by some procedure in the court rendering the judgment; and while the judgment stands unreversed and unassailed, it comes directly within the protection of Article IV, sec. 1, its recognized and established purpose being to prevent any question in the domestic court as to the validity of a claim which had been considered and adjudged in the courts of another state." *Provision Co. v. Davis,* 191 U. S., 373; *Milwaukee County v. White Co.,* 296 U. S., 268; *Adams v. Saenger,* 303 U. S., 59.

The defendant alleged in his proposed amendment that there is no statute in New York comparable to C. S., 2144, and that therefore he could not plead same in defense to the action in the New York court. An examination of the New York statutes, however, reveals that there are general provisions in the statutes of that state declaring all wagers made to depend upon any chance or contingent event to be unlawful, and that all contracts for or on account of any money or property so wagered shall be void. By ch. 40 of the Consolidated Laws of New York (Penal Law), sec. 390, it is provided, in effect, that any person who shall make any contract respecting the purchase or sale of securities or commodities, intending that such contract shall be terminated or settled according to or on the basis of market quotations or prices on any exchange, and without intending a *bona fide* purchase or sale of same, shall be guilty of a criminal offense. In *Weld v. Postal Telegraph-Cable Co.,* 199 N. Y., 88, it was said: "If the transactions between the plaintiffs and their clients or customers were mere wagering contracts, they are void under the statutes of this state and the general law of the land. The generally accepted rule upon this subject can be very simply stated. A man may lawfully sell goods or stocks for future delivery, even though he has none

in his possession, if he really intends and agrees to deliver them at the appointed time. Such a transaction constitutes a valid contract, which is enforceable in the courts. But a man may not, under the guise of such contract, enter into a naked speculation upon the rise or fall of prices, in which there is to.be no delivery of property, and no payment except such as may be necessary to provide for differences arising purely from market fluctuations. Such a transaction is a mere wager, which is condemned alike by statute and public policy. (*Embrey v. Jemison,* 131 U. S., 343; *Bigelow v. Benedict,* 70 N. Y., 202; *Hurd v. Taylor,* 181 N. Y., 231.)" This statement of the law was quoted with approval in *Brooks v. People's Bank,* 233 N. Y., 87. See, also, *Zeller v. Leiter,* 189 N. Y., 361.

It is apparent that, under the New York statutes as interpreted by the court of last resort of that state, the plea that the transactions sued on constituted wagering contracts was open to the defendant as a defense if he had opportunity to present it.

Applying these principles of law to the facts shown by the record before us, we reach the conclusion that the ruling of the court below, in its discretion, in denying the defendant's motion for leave to file amendment to his answer, must be upheld, but that the facts alleged in the proposed amendment presented to the court raised questions pertaining to the jurisdiction of the court and its power to render final judgment in the cause. It is in the nature of a plea to the jurisdiction. It cannot be disregarded even though leave to file it as an amendment to an answer was denied. Jurisdiction cannot be conferred by failure of defendant to plead it properly. *Randolph v. Heath,* 171 N. C., 383, 88 S. E., 731. It was the duty of the judge to consider and determine the facts affecting the jurisdiction of the court before proceeding to render final judgment.

Hence, the cause must be remanded in order that the judge presiding in the court below may find the facts as to whether the plaintiff's claim against defendant Hovey was based upon gambling transactions coming within the definition set out in C. S., 2144, and, if so, whether or not this question was raised by appropriate pleas in the trial of the case in the New York court. If the defendant raised the question by proper plea, and judgment was rendered after investigation had in such case, the judgment would be conclusive here while it stood unreversed in the court where rendered. *Mottu v. Davis, supra; Roberts v. Pratt,* 152 N. C., 731, 68 S. E., 240. Manifestly if the question was litigated in that trial and determined against the defendant, he could not now complain, and his plea to the jurisdiction would have no ground upon which to rest. If, however, it be found by the court, upon consideration of the evidence presented, that plaintiff's cause of action was based on gaming transactions as defined by the statute, and that defendant did not have

opportunity in the original forum to present his defense on that ground, or if his failure to plead the illegality of the transactions sued on was not conclusive in the New York courts, and for that reason the defense now set up was not raised and the matters upon which it is based were not considered or concluded in the New York court, his plea that the jurisdiction of the North Carolina court had been by the statute withdrawn from plaintiff's action would be available to the defendant in support of his exception to the judgment rendered below.

So much of the judgment of the court below as denies the motion for leave to file amendment to the answer is affirmed, but the cause is remanded for further proceeding in accord with this opinion.

Error and remanded.