JOHN D. HISCOX v. DON B. SHEA AND WIFE, RUTH SHEA

No. 7030SC22

(Filed 6 May 1970)

**1. Attachment § 9— dissolution of attachment — findings of fact**

On appeal to the superior court from an order of the clerk dissolving an attachment, failure of the judge to make findings of fact in his order which vacated and overruled the clerk's order was erroneous; and the case must be remanded. G.S. 1-440.36.

**2. Attachment §§ 1, 9; Courts § 6— dissolution of attachment — concurrent jurisdiction of clerk and judge**

On motion to dissolve an attachment, the judge of superior court has concurrent jurisdiction with the clerk of superior court to determine the matter; and consequently the judge is not limited to determining whether or not there was competent evidence to support the findings of the clerk but he can consider the evidence *de novo* and hear evidence not before the clerk.

APPEAL by defendants from order of *Bryson, J.,* dated 6 September 1969, in Chambers in SWAIN County.

Plaintiff instituted a civil action in Macon County on 26 June 1969 seeking $8,000 in damages for an alleged breach by defendants of a contract to purchase 8.2 acres of land from plaintiff. An order of attachment based on plaintiff's affidavit was issued ancillary to the action and certain of defendants' property was attached.

On 7 July 1969 defendants moved before the clerk and pursuant to G.S. 1-440.36 that the order of attachment be dissolved. The mo-

tion was heard on 4 August 1969 and based upon appropriate findings and conclusions the clerk ordered the attachment dissolved. Plaintiff appealed to the judge of superior court. On 6 September 1969 a hearing was held before the Resident Superior Court Judge for the Thirtieth Judicial District in Chambers at Bryson City. The judge entered a summary order vacating the clerk's order and defendants appealed.

*Van Winkle, Buck, Wall, Starnes and Hyde by Herbert L. Hyde for defendant appellants.*

*No appearance of counsel for plaintiff.*

GRAHAM, J.

G.S. 1-440.36 provides as follows:

"(a) At any time before judgment in the principal action, a defendant whose property has been attached may specially or generally appear and move, either before the clerk or the judge, to dissolve the order of attachment.

(b) When the defect alleged as grounds for the motion appears upon the face of the record, no issues of fact arise, and the motion is heard and determined upon the record.

(c) When the defect alleged does not appear upon the face of the record, the motion is heard and determined upon the affidavits filed by the plaintiff and the defendant, unless prior to the actual commencement of the hearing, a jury trial is demanded in writing by the plaintiff or the defendant. *Either the clerk or the judge hearing and determining the motion to dissolve the order of attachment shall find the facts upon which his ruling thereon is based. . . .*" (Emphasis added).

[1] Both the hearing before the clerk and the subsequent hearing before the judge were upon affidavits. Facts alleged in the affidavits were sufficient to support findings favorable to either the plaintiff or the defendants with respect to issues of fact raised by the motion. The judge made no findings as required by G.S. 1-440.36(c) and as requested by defendants but simply stated in his order that after considering the affidavits and pleadings in the file the court was of the opinion that the order of the clerk should be vacated and overruled.

[2] It is impossible for us to tell from the order on what theory the judge was proceeding in overruling the clerk's order. In our opinion the clerk's findings were supported by competent evidence

and they support his conclusion that no valid grounds existed for the order of attachment. However, the judge had concurrent jurisdiction with the clerk to determine the matter. Consequently, the judge was not limited to determining whether or not there was competent evidence to support the findings of the clerk but could consider the evidence *de novo* and hear evidence not before the clerk. *Cody v. Hovey*, 219 N.C. 369, 14 S.E. 2d 30; 1 McIntosh, N.C. Practice and Procedure 2d, § 164. We assume the court considered the evidence *de novo* and determined the facts to be different from those found by the clerk. But the judge's findings are not set forth in his order or otherwise made a part of the record and this case must therefore be remanded.

Remanded.

BROCK and BRITT, JJ., concur.