McCay, Judge.
1. The general doctrine has long been well settled that the judgments of Courts of other States of this Union are, under the Constitution and laws of the-United States, to have the same credit and faith in other States as they have in the State where they were rendered: Mills vs. Durzee, 7 Cranch, 481; Hampton vs. McConnel, 3 Wheat., 334; Evans vs. Tatum, 9 Ser. and R., 252, 260. But, as was said by Wayne, Judge, (in McElmayle vs. Cohen, 13 Peters, 312, 320,.) this is' not intended to exclude such defenses to the judgment as inquire into the jurisdiction of the Court in which the judgment was given, or such as inquire into the right of the State itself to ^exercise authority over the persons or subject matter. And, again, “the Constitution did not mean to confer a new power of jurisdiction, but simply to regulate the effect of the acknowledged jurisdiction over persons and things within the State.” In Hall vs. Williams, 6 Pick., 222, the action was in Massachusetts, on a Georgia judgment. The record showed that the defendants had appeared, but the Court held that the defendant might show that this was not true, that the attorney who did appear had authority to appear from only one of the parties sued. And, during the course of the decision, Chief Justice Parsons says: “By the Constitution, such a judgment is to have the same force and effect it would have in the State where it was rendered — that is, it is to conclude as to everything over which the Court rendering it had jurisdiction. If the citizen himself is there, and is served with process, he is bound to appear and make defense, or submit to the consequences. But if never there, there is no jurisdiction over his person, and a judgment cannot follow him beyond the territory of the State. If it does, he may treat it as a nullity, and the Courts here will treat it so, whenever it is made to appear, in a legal way, that he was never a proper subject of the adjudication.” And this is unquestionably now the settled rule, to-wit: that, whilst the judgments of other States are to-be considered as conclusively settling the subject of dispute as to the *43 merits, yet the jurisdiction of the Court over the parties or subject matter is always the subject of inquiry: 1 New Hampshire Rep., 348; 7 New Hampshire Rep., 257; 11 New Hampshire Rep., 299; 2 Gilman, 412; 3 Alabama, 552; 4 Cowan, 2921; 6 Wend., 447; 7 Watts & S., 447; 15 John, 141.
2. The only question upon which there is now any conflict is, as to how far the recitals of the judgment as to the service or appearance of the defendant are conclusive, so'as to operate as an estoppel in another jurisdiction upon the defendant. On this question the authorities are in conflict. In the case of Hall vs. Williams, before quoted, 6 Pick, 222, the defendant was permitted to show that he did not appear, although the ^record stated to the contrary. In Starbuck vs. Murray, 5 Wendell, 148, Judge Marcy takes the broad ground, that, on the question of jurisdiction, the recitals of the judgment or statements of the record are only prima facie, and he says: “If the defendant had not proper notice of, and did not appear to the original action, all the State Courts, with one exception, agree in opinion that the paper introduced as to him, is no record, but if he cannot show, even against the. pretended record, that fact, on the alleged ground of the uncontrollable verity of the record, he is deprived of his defense by á process of reasoning that is, to my mind, little less than sophistry. The plaintiff, in effect, says: ‘The paper produced is as against you a record, because it says you appeared, and you are estopped from saying you did not appear, because the paper is a record. The appearance makes the paper a record, and the fact that the paper is a record, makes the statements of appearance unimpeachable.’ ” And again, “unless a Court has jurisdiction over a party, it cannot make a record importing verity against him; and he ought not, therefore, to be estopped from setting up any fact that goes to show the Court giving the judgment had no jurisdiction.” Such, too, was the ruling in 6 Barbour, 613, and in Steel vs. Smith, 7 W. & S., 447. In the latter case, which was a suit on a Louisiana judgment, sued upon in Pennsylvania, the record showed service on the parties, and the defendant offered to show that this was not true, in fact, but was recited.because of a law of Louisiana, which made service on one of several joint owners, service on all. And Judge Gibson, after going over the whole subject, says: “It was not intended by the Constitution to efface the lines of jurisdiction for the origination of process, but only to give extra-territorial effect to judgments of tribunals having jurisdiction of the persons or property, in the first instance, and we must, consequently, treat all others as nullities.” The same view is taken in Wilson vs. The Bank of Mount Pleasant, 6 Leigh., 570.
Without doubt, there are decisions to the contrary of these: 1 Peter’s Circuit Court Reports, 155; 1 Ohio, 359; 2 McLean, *511, and other cases. But it seems to us that the reasonings of Marcy and Gibson, are founded on just principles, and lay down the true rule. In the case at bar, the record proper *44 contains no recital. There appears to have been, in fact, no appearance, as the judgment is by default; and I have not found a case where the mere fact that the record shows an entry by the executive officer of the Court, of service, has been held an estoppel. The furthest any of the cases go is where the record states that the defendant appeared, or that he had been' served. The idea of the cases is that, by such recitals, it appears that the Court had inquired into the facts and decided upon them. We doubt if the effect of a judgment is, (in the case of a judgment of another jurisdiction,) to be given to the entries of the sheriff or marshal. This entry has no venue. The defendant does not propose to deny the fact of the entry, but to show that it was made out of the territorial jurisdiction of the officer. If such an entry as this cannot be denied — if it cannot be shown, as is here proposed, that the officer making it came over, say from Alabama to Georgia, served a copy of a writ on a resident of Georgia and made his return, all rules of jurisdiction might as well be abandoned.
We think the facts set forth in the plea, if proven, will show the Alabama Court to have had no jurisdiction of the person of the defendant, and we think he is not estopped from showing the truth, because the -marshal of the United States Court in Alabama has seen fit to certify that he had duly served the defendant with process.
Judgment reversed.