## Tompkins *v.* Cooper, administratrix.

1. The code of Alabama declaring that in "suits for the enforcement of equitable liens, execution may issue for the balance found due after sale of the property ordered and decreed to be sold," it was, under the practice prevailing there, competent and lawful for a court of chancery in that State, upon a proceeding by a vender of land against the vendee to enforce the former's equitable lien for the purchase money, to enter a decree, in the nature of a general judgment, against the vendee for the balance of such purchase money remaining unpaid after a sale under the original decree of forclosure, and this is true although the complainant's bill, after specifically praying for the foreclosure sale, contained no other prayer except one for general relief.

2. The decree sued upon being a valid one under the laws of Alabama, the plaintiff's action upon it was maintainable in the courts of this State.

3. The decree upon which the present action is based being on its face final, the mere pendency of equitable proceedings in the courts of Alabama, whether State or Federal, to set that decree aside, presents no obstacle to the rendition of a judgment upon such decree by a court of this State.

January 13, 1896.

Action on foreign judgment.  Before Judge Westmoreland.  City court of Atlanta.  March term, 1895.

*Alex. C. King, Wm. B. Farley* and *Alston & Palmer,* for plaintiff in error.

*Glenn & Rountree* and *C. D. Maddox,* contra.

SIMMONS, Chief Justice.

Cooper sold and conveyed to Tompkins, a resident of this State, a tract of land in Colbert county, Alabama, and in the conveyance reserved a lien upon the land for unpaid purchase money. Subsequently a bill was filed by Cooper in the chancery court of the county in which the land was situated, against Tompkins and against the East Sheffield Land Company of that county, in which it was alleged that Tompkins had sold the land to the East Sheffield Land Company, which was then in possession of the same, and that a certain amount was due the complainant by Tompkins as unpaid purchase money; and he prayed that he be decreed to have a vendor's lien upon the land, and that the land be sold for the payment of such unpaid purchase money with interest. The bill also contained a prayer for general relief.

Each of the defendants acknowledged service of the bill, and appeared and answered. The answer admitted the allegations of the bill to be true, and that the defendants had no legal right to resist a decree for the foreclosure of the lien. The court decreed that the complainant was entitled to the relief prayed for; and that if the balance of purchase money found to be due the complainant (the amount of which was set out in the decree) was not paid within a specified time, the register of the court should proceed to advertise and sell the land in a manner mentioned, and out of the proceeds of the sale retain costs and expenses and apply the remainder to the payment of the amount found to be due, the balance, if any, to await further order; and that the register make conveyance of the land to the purchaser upon the payment of the purchase money. Afterwards a report was filed by the register, showing that he had complied with the directions of the decree and had sold the land and made a deed to the purchaser, but that after applying the proceeds of the sale to the complainant's demand, there still remained due on the decree an amount

stated. The complainant moved for a decree against Tompkins for this balance, and the court subsequently rendered a decree ratifying and confirming the report of the register and decreeing that the complainant recover of Tompkins the amount of this balance, and that execution issue against him therefor.

An action was brought in this State against Tompkins upon the decree for this balance, and on the trial of the case it was contended by the defendant that the decree was invalid, inasmuch as the complainant's bill contained no prayer for an accounting, or for a general judgment or general decree of any kind, and the chancery court therefore had no jurisdiction or authority to render such a decree.

The code of Alabama (§3605) declares that "in all foreclosure suits, or suits for the enforcement of equitable liens, execution may issue for the balance found due after a sale of the property ordered and decreed to be sold." The statute is remedial, intended to cure the deficiency of the common law, according to which such a balance was recoverable only by a distinct, independent suit at law. See Tedder v. Steele, 70 Ala. 347; Winston v. Browning, 61 Ala. 80. The bill, as we have seen, contained a prayer for general relief; and under the practice of Alabama, the court, upon a prayer for general relief, will award whatever relief may be consistent with the allegations of the bill— relief which is merely incidental or is not a departure from the case made by the bill. May v. Lewis, 22 Ala. 646; 1 Brickell's Digest, p. 704, §930. We have not been referred to any decision of the Supreme Court of Alabama, and have found none, in which it has been held that where there is a balance due after the sale of the property in a case of this kind, a specific motion or notice to the defendant is necessary to authorize a decree for the unpaid balance. Such a decree follows as a matter of course, as necessary to the complete, final disposition of the cause; and conse-

quently, notice of it to the defendant is not necessary. He has notice that the court may and will grant all the relief within the scope of the bill. That a prayer for general relief is sufficient to authorize such a decree, see Nolen v. Woods, 12 J. J. Lea (Tenn.), 615.

The decree sued upon being a valid one under the laws of Alabama, the plaintiff's action upon it was maintainable in the courts of this State; and being upon its face final, the mere pendency of equitable proceedings in the courts of Alabama, whether State or Federal, to set the decree aside, presents no obstacle to the rendition of a judgment upon the decree by a court of this State.

It follows from what has been said, that the court did not err in striking the pleas set out in the record, nor in refusing to grant a continuance on account of the pendency of litigation in Alabama to set aside the judgment sued upon, nor in overruling the objections of the defendant to the introduction of the transcript of the record in the case in which that judgment was rendered; nor did the court err in rendering judgment against the defendant for the amount sued for. *Judgment affirmed.*