### GRACE ROBERTS v. W. M. PRATT.

(Filed 23 December, 1911.)

1. Judgments of Other States—Fraud—Res Adjudicata—Second Appeal—Common Law—Presumptions—Evidence.

A motion to set aside a judgment in an action brought in South Dakota on the grounds of fraud, having been held in this Court, on a former appeal, to preclude an action brought here involving the same question, upon the presumption, in the absence of evidence to the contrary, that the common law prevailed there, as adjudicated here, and the only additional evidence on this appeal being of a statute in South Dakota practically enacting the law as held on the former appeal, the matter is held *res adjudicata.*

**2. Judgments of Other States—Counterclaim—Subsequent Credits—Res Adjudicata.**

> Matters alleged in counterclaim to an action brought on a judgment of another State in the courts of this State, and which arose since that judgment was rendered on the question of credits thereon of rents of lands in that other State, bearing a proper relation to the judgment sued on, are not *res adjudicata* in the former action. *Tyler v. Capeheart*, 125 N. C., 64, cited and applied.

APPEAL from *Long, J.,* and a jury, at July Term, 1911, of McDowELL.

Civil action to recover on a judgment rendered in favor of plaintiff against defendant in the courts of South Dakota.

Plaintiff declared on a judgment in her favor, rendered in the courts of South Dakota, said courts having at the time jurisdiction of the cause and of the parties by personal service within that jurisdiction.

Defendant answered, alleging fraud in the procurement of the judgment, and pleading a counterclaim by reason of payments and receipts bearing date since the rendition of the judgment.

The following issues were submitted and answered by the jury:

1. Is section No. 151 on pages 594-5 of the Revised Code of South Dakota the only statutory law of that State relating to remedies for setting aside judgments after the term? (Answer dictated to stenographer. See page 55 of record.)

2. Was the judgment described in the complaint obtained by the fraud of the plaintiff, as alleged in the answer? Answer: Yes.

3. What amount, if any, has the defendant paid to plaintiff upon the judgment since the rendition thereof? Answer: $320.73.

4. What amount, if anything, has the defendant paid on note declared on in the South Dakota suit and not included in the inquiry and pleadings in that suit, and now set up as a counterclaim in this action? Answer: $642.25.

The court being of opinion that the matters involved on the issues of fraud had been determined by the judgment in a former

appeal in the cause, set the verdict aside as to that issue and entered judgment according to the facts as established by the verdict on the remaining issues. Defendant and plaintiff having duly excepted, appealed to this Court.

*W. T. Morgan for plaintiff.*
*Pless & Winborne for defendant.*

#### DEFENDANT'S APPEAL.

HOKE, J., after stating the case: The questions presented in this record have all been practically decided on a former appeal in the cause and reported, 152 N. C., p. 731. On that appeal it was held that the issue of fraud, having been decided against defendant on a motion made in the South Dakota court to set the judgment aside on that ground, defendant was precluded from raising a like question here. On this subject the former opinion is as follows:

"This being the doctrine applicable on the facts as they now appear, the judgment of the Dakota court, as heretofore stated, denying the defendant's application to set aside the original judgment on the ground of fraud, will preclude all further inquiry on that question and render said judgment an estoppel of record as to all matters embraced in the pleadings which may be considered as material to its rendition," citing *Turnage v. Joyner,* 145 N. C., 81; *Manufacturing Co. v. Moore,* 144 N. C., 527; *Tuttle v. Harrell,* 85 N. C., 456.

There are no new facts in any way bearing on this position except the fact established that the statutes of South Dakota make provision substantially similar to our own in reference to setting aside a judgment for "mistake, surprise, or excusable neglect." As we endeavored to show on a former appeal, a motion to set aside a judgment by reason of facts alleged in this application would have been entertained at common law, and the statute puts no restrictions certainly on this power as formerly exercised in the common-law courts, except to require that the motion should be made within twelve months from the rendition of the judgment. In other respects the statutory provision contemplates and includes a motion on facts of the character pre-

sented in this hearing. *Bronson v. Shulton,* 104 U. S., 410; *Bennet v. Jackson,* 34 W. Va., 62; *Craig v. Wroth,* 47 Md., 281.

There is no error and the judgment must be affirmed.

No error.

. PLAINTIFF'S APPEAL.

Hoke, J. The plaintiff appeals, alleging errors in awarding the amounts allowed defendant in his counterclaim. These amounts consisted of alleged payments by defendant made since the rendition of the judgment as indicated in the verdict on the third issue, and amounts received by defendant or his agent from rents of property in South Dakota, for which plaintiff was accountable, as ascertained and determined in the fourth issue. These amounts were largely dependent on disputed matters of fact. They were not allowed or considered in the proceedings in South Dakota by which the original judgment was obtained. On the facts as now presented, they come clearly within the principle sustained in the case of *Tyler v. Capeheart,* 125 N. C., 64, stated as follows:

"1. A judgment is decisive of the points raised by the pleadings, or which might be properly predicated upon them; but does not embrace any matters which might have been brought into the litigation, or causes of action which the plaintiff might have joined, but which in fact are neither joined nor embraced by the pleadings.

"2. Although the present cause of action might have been set up as a second cause of action in a former suit, but was not, and was not actually litigated, and was not 'such matter as was necessarily implied therein, the plea of *res judicata* will not avail.'"

We find no error that would justify us in disturbing the judgment, and the same is in all respects affirmed.

No error.