## ALLEN, administrator, *v.* NAPIER, MAYNARD & PLUNKETT.

1. Where money recovered in a legal action for a particular person reaches that person, the law will not disturb his possession and take the money from him or his attorneys who turned it over in full settlement of his claim, for the sole purpose of having it pass through the hands of another who has neither interest in nor charge upon the fund.

2. Where a firm of attorneys was employed by the administrator of a deceased employee of a railway company, which, together with the employee, was engaged in interstate commerce at the time of the homicide, to recover damages for the negligent killing of such employee, and a recovery was had in favor of the administrator, who sued for the father of the deceased employee as the sole beneficiary entitled to the recovery under the Federal employer's liability act, and the money so recovered was paid by the attorneys of record to the father—the sole beneficiary, the administrator could not subsequently maintain a rule against the attorneys of record for the purpose of recovering the money in order that he might get commissions as administrator out of the fund so recovered and turn the remainder of the money back to the beneficiary. In such a case, the administrator is not entitled to commissions out of the fund so collected.

AUGUST 13, 1915.

Money rule. Before Judge Mathews. Bibb superior court. January 20, 1914.

H. E. Allen, as administrator of the estate of George Roberts, filed his petition alleging substantially as follows: Prior to his appointment as permanent administrator, William Roberts as temporary administrator of said estate had filed a suit in Stewart superior court against the Seaboard Air-Line Railway, for damages on account of the homicide of George Roberts, alleging that his death was due to the negligence of the defendant company. Subsequently the temporary letters were abated, and petitioner was appointed permanent administrator, and by proper amendment was substituted and made plaintiff in the cause in lieu of the temporary administrator. The temporary administrator had contracted with and employed the firm of Napier, Maynard & Plunkett, attorneys at law, of Macon, Ga., to prosecute the suit for him against the Seaboard Air-Line Railway, contracting to give these attorneys, as compensation for their services, twenty-five per cent. of the amount recovered against the railway company. After petitioner was made permanent administrator, he contracted and agreed with these attorneys to continue the prosecution of the

case, and to represent petitioner as the permanent administrator of the estate, on the same terms as existed between them and the temporary administrator. At the October term, 1913, the attorneys, acting under the agreement with petitioner, secured a verdict and judgment in favor of petitioner as administrator, against the Seaboard Air-Line Railway, for the sum of $2750; and on October 25, 1913, the same attorneys collected of the defendant railway the full amount of the verdict and judgment; notwithstanding which they have failed and refused to turn over to petitioner, as administrator of the estate, the sum so collected or any part thereof, less their fees as contracted for, except that they have conditionally offered to pay him his commissions as administrator if he would accept the same in full settlement, which he declined to do; and they wrongfully and erroneously, and contrary to law, claim the right to administer and distribute the fund themselves. A rule nisi was prayed against the attorneys, requiring them to show cause why they do not pay over to petitioner the money on written demand, and why the rule should not be made absolute, etc.

The defendants filed an answer in which, among other things, they averred that after Allen was appointed permanent administrator, and before he was made a party, he said he was willing for defendants' firm to continue the prosecution of the cause and to represent him as permanent administrator of the estate. After he was made a party plaintiff there was never anything said about fees, and the only time he ever mentioned the subject of attorney's fees was a short while after he was made permanent administrator. Defendants denied that petitioner, as administrator, made any contract employing them to prosecute the case. They already had a contract with the temporary administrator individually and as such temporary administrator, and on that contract suit had been filed and they had a lien on the suit for fees; and the contract made by the temporary administrator could not, as a matter of law, be disturbed by the permanent administrator. Plaintiff stated to defendants that he wanted them to continue the prosecution of the suit, but what transpired between plaintiff and defendants did not amount to a contract. At the October term, 1913, of Stewart superior court a verdict and judgment were rendered in favor of H. E. Allen, administrator, for the use and benefit of

William Roberts, against the defendant railway for the sum of $2750, and at the time of the rendition thereof defendants were acting under their original contract of employment, which was made by the real plaintiff in the case, William Roberts, and Allen was only a nominal party to the case. Defendants collected the $2750, and they offered Allen his commissions as administrator, together with the costs and expenses of prosecution, as well as court costs; but they have refused to give him the net amount which belongs to William Roberts, and the same has been turned over to William Roberts, who is the sole beneficiary of the fund, and he has been fully and completely settled with. Defendants were employed to bring suit against the railway company for the tortious homicide of George Roberts, who died unmarried and childless, leaving no mother, and who was the son of William Roberts. The suit was brought in the name of William Roberts individually and as temporary administrator of the estate of George Roberts, and after the suit was brought H. E. Allen was made permanent administrator of the estate of George Roberts in the place of William Roberts, and was substituted as party plaintiff. The defendant railway answered the suit, setting up that it was an interstate carrier, and that at the time George Roberts was killed he was in the discharge of his duty as an employee of the railway and was engaged in interstate commerce, and that the Federal employer's liability act controlled the case. The railway made the voucher payable to Napier, Maynard & Plunkett, attorneys of record. It was sent directly to them; they cashed it, and have fully settled with William Roberts, for whose use and benefit the money was recovered.

*J. A. Hixon,* for plaintiff.

*Harris & Harris,* for defendants.

HILL, J. (After stating the foregoing facts.) This case was submitted to Judge Mathews for decision upon the petition and answer and an agreed statement of facts. It appears from the petition and the agreed statement of facts that the defendants, a firm of lawyers, brought suit for their client, who was the father of the deceased employee (conductor) against the railway in whose service the son was negligently killed while he and the carrier were both engaged in interstate commerce. They recovered a verdict and judgment against the railway, and settled in full with

the sole beneficiary of the fund collected. The question is whether the money could be paid directly by the attorneys to the father, who was the sole beneficiary and also temporary administrator of his son's estate, and who brought the suit, or whether it should have been paid to the plaintiff, who was the permanent administrator upon the son's estate, and who was made a party plaintiff in lieu of the temporary administrator, and in whose name the case proceeded to verdict and judgment. The court below held, in effect, that the attorneys were within their rights when they paid the money recovered to the sole beneficiary of the fund and refused on demand to pay it to the permanent administrator of the son's estate. We think the court was right in so holding. The deceased employee and the defendant railway were both engaged in interstate commerce at the time of the homicide. Suit was brought under the Federal employer's liability act, and under the facts that act was applicable. St. Louis &c. R. Co. v. Seale, 229 U. S. 156 (33 Sup. Ct. 651, 57 L. ed. 1129, 33 Ann. Cas. (1914C) 156). It is provided in that act that on the death of an injured employee his personal representative may bring an action for his homicide for the benefit of those surviving him, who are entitled to the proceeds of any judgment that may be recovered. Those entitled to recover under the statute are the following: First: The surviving widow or husband and children of such employee. Second: If there be no husband, widow, or children, then for the benefit of the employee's parents. Third: If there be no beneficiaries under the first and second class, then for the benefit of the next of kin dependent upon such employee. Thornton on Federal Employer's Liability and Safety Appliance Acts (2d ed.), §§ 98, 105; 35 Stat. c. 149. The beneficiary of the fund in the instant case comes within the second class, there being no widow or child, and the mother being dead. St. Louis &c. R. Co. v. Seale, supra. A suit brought under the Federal employer's liability act is for the benefit of the next of kin of the deceased, as provided in the act. St. Louis &c. R. Co. v Hesterly, 228 U. S. 702 (33 Sup. Ct. 703, 57 L. ed. 1031); Roberts on Injuries to Interstate Employees (1915), § 139. If the recovery is for the benefit of the next of kin under the statute, then it is not an asset of the decedent's estate for distribution, or for the paying of debts, but is to be paid directly to such next of kin entitled

thereto under the statute; and if this be true, the permanent administrator of the decendent's estate is not entitled to recover from those who have paid the fund to one who is entitled to it. It is true he was a nominal party to the suit, but it was for the purpose of recovering for the *sole beneficiary,* who has now received that to which the law says he is entitled, and not for the estate he represents. If the personal representative brings the suit under the Federal statute, it would not be on behalf of the estate he represents, but for the exclusive benefit of him who was the sole beneficiary, and who was entitled to recover for the tortious killing and for the loss which resulted to him thereby. Gulf etc. Ry. *v.* McGinnis, 228 U. S. 173 (33 Sup. Ct. 426, 57 L. ed. 785) ; Michigan Central R. R. *v.* Vreeland, 227 U. S. 59, 70 (33 Sup. Ct. 192, 57 L. ed. 417, 33 Ann. Cas. (1914C) 176) ; American R. R. of Porto Rico *v.* Didrickson, 227 U. S. 145 (33 Sup. Ct. 224, 57 L. ed. 456). In the case of White *v.* Ward, 157 Ala. 345, (47 So. 166, 18 L. R. A. (N. S.), 568), it was held that "In defense of a claim by the administrator of a child for money recovered in a suit by the administrator for the negligent killing of the child, which, under the statute, is solely for the benefit of the child's parents, the attorney may show that he paid the money to the assignees of the parents and in satisfaction of attorney's liens which might have been asserted against the money in his hands, notwithstanding the statute provides that every attorney receiving money for his client, and refusing to pay the same when demanded, shall be proceeded against in a summary way, and be subject to interest and penalties." This ruling, though construing a State statute, is in point. In the case at bar the real beneficiary has been paid the money to which he was entitled; and even if the administrator as the nominal party plaintiff was technically entitled to have the money pass through his hands and be by him paid to the beneficiary, yet the law will not require an unnecessary thing to be done; and the beneficiary having received that which was due him from the proceeds of the suit, the attorneys who collected the money and paid it over will not, at the instance of the nominal party who has no interest in the proceeds of the suit, be made to answer to him for it. That has been done which ought to have been done, and there the matter should rest. The court did not err in dismissing the rule.

*Judgment affirmed. All the Justices concur.*