28893. DYAL *v.* DYAL.

DECIDED JULY 16, 1941.

364

*D. W. Krauss, W. A. Wooten, Roscoe Pickett,* for plaintiff.
*R. Earl Camp, E. L. Stephens,* for defendant.

PER CURIAM: The judgment of a court of one State, when sued on, pleaded, or introduced in evidence in another State, is entitled to receive the same full faith, credit, and respect that is accorded to it in the State where rendered. If it is valid and conclusive there, it is so in all other States. *Tompkins* v. *Cooper,* 97 *Ga.* 631 (25 S. E. 247); *Thomas* v. *Morrisett,* 76 *Ga.* 385. Therefore, a judgment rendered by a competent court of another State is conclusive on the merits in the courts of this State when made the basis of an action or defense, and the merits can not be reinvestigated. *Hope* v. *Walsenburg First National Bank,* 142 *Ga.* 310 (82 S. E. 929); *Spann* v. *Edwards,* 139 *Ga.* 715 (77 S. E. 1128); *McCauley* v. *Hargroves,* 48 *Ga.* 50 (50 Am. R. 660). While a foreign judgment or decree is not subject to modification by the courts of this State, and therefore a judgment or decree for alimony rendered by a court of Florida can not be modified in a proceeding brought thereon in the superior court of this State, the defendant may interpose therein such defenses as would be available to defeat a recovery on the judgment in the jurisdiction where it was rendered. The plea and answer of the defendant may deny the existence of the judgment sued on, or the plaintiff's right to sue on it, or the jurisdiction of the court which rendered it, or

may allege payment and satisfaction. The defendant, in a suit on a judgment in Florida, may plead partial satisfaction thereof. Payment is a complete defense to an action on a judgment. Also, in those jurisdictions permitting equitable defenses to be set up in an action at law, a suit on a judgment may be defeated by proof of any fact going to show that it would be against good conscience to allow a recovery on the judgment. 34 C. J. 1090, 1111, 1112. In a suit on a foreign judgment the defendant is entitled to plead payments made since the rendition of the judgment as a counter-claim. Roberts v. Pratt, 158 N. C. 50 (73 S. E. 129).

The plea and answer as amended alleged that the judgment sued on "has been fully paid off and discharged in all of its terms and implications both legally and equitably." The allegations of the plea and answer as amended set up facts tending to show that the defendant had partly complied with such decree and partially satisfied it, and that the plaintiff was not entitled to recover the full amount provided for in such decree. While a foreign decree may not be altered or modified by the courts of this State, it may be interpreted and effect given to its legal intendment by a court of this State in which an action is brought to enforce such decree. The decree sued on awarded an absolute divorce to the plaintiff and to the defendant. It appeared from the recitals thereof that there were three minor children, the issue of the marriage, and that the plaintiff and the defendant had entered into an agreement or stipulation as to "alimony and maintenance" of the plaintiff and such children. The decree provided that the defendant "in accordance with the stipulation" should pay to the plaintiff the weekly sum of $30 "as and for her own support, and for the support, maintenance, and education of said minor children." The decree further provided that in the event the plaintiff should marry the weekly payments should be reduced to $22.50 per week, "which shall continue as long as said minor children should live, provided, however, that if any one of said minor children shall reach the age of twenty-one years, or shall marry," then such weekly payments shall be reduced by the sum of $7.50. Properly construed and interpreted the intendment of the decree is that the defendant shall pay to the plaintiff $30 per week, $7.50 to her and for her use, and $22.50 or $7.50 for each of the three minor children. It appears from the allegations of the plea and answer as amended that the

plaintiff abandoned and deserted the children, and that the defendant rescued them and has since, in effect, paid directly to them for their support, maintenance, and education an amount equal to more than $7.50 per week for each child. Where a judgment or decree is payable to one for the use and benefit of another, and it appears that the beneficiary has received that which was due him under the decree, the law will not require the person paying the money to the real beneficiary to answer to the nominal party therefor. See *Allen v. Napier,* 144 *Ga.* 38 (85 S. E. 1013). The plaintiff, as to the $22.50 weekly, was a party to the judgment for the sole purpose of collecting this amount for the education, maintenance, and support of the children. *Kirby v. Johnson,* 188 *Ga.* 49 (2 S. E. 2d, 640).

The decree necessarily contemplated that the mother should continue to act in the capacity of mother and custodian of her children, and there is even a presumption that after such a decree which awards the custody of children to her she continues to be their custodian. *Kirby v. Johnson,* supra. This presumption may be rebutted, and where the mother has voluntarily put herself in a position where she is not entitled to receive alimony awarded to her, as by a remarriage (*White v. Murden,* 190 *Ga.* 536, 9 S. E. 2d, 745), or where she is not entitled to receive it as trustee for her children by abandoning the trust, such facts may be set up as an equitable defense to her suit on her judgment. It is true that a husband and father may not evade payment of alimony for the support of children by payment to one other than their authorized custodian, as provided in a decree, but here the mother is not the custodian because she has abandoned her trust.

It follows that the court did not err in overruling the demurrer to so much of the plea and answer as amended as alleged that the mother had abandoned the children and that the defendant had assumed custody over them and supported them since their desertion by their mother.

The plea and answer as amended did not constitute a collateral attack on the validity and regularity of the decree sued on. There is no effort made by the defendant to set aside that decree. There is nothing in the present case which conflicts with the rulings in *Hood v. Hood,* 143 *Ga.* 616 (85 S. E. 849), *Schulze v. Schulze,* 149 *Ga.* 532 (101 S. E. 183), and *Tompkins v. Cooper,* 97 *Ga.* 631

(25 S. E. 247). This case does not constitute an effort by the defendant to modify the provisions of the Florida decree as to the payment of the weekly instalments therein provided for.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

STEPHENS, P. J., dissenting. The judgment of a court of one State, when sued on, pleaded or introduced in evidence in another State, is entitled to receive the same full faith, credit, and respect that is accorded to it in the State where rendered. If it is valid and conclusive there, it is so in all other States. *Tompkins* v. *Cooper,* 97 *Ga.* 631 (25 S. E. 247) ; *Thomas* v. *Morrisett,* 76 *Ga.* 385. Therefore, a judgment rendered by a competent court of another State is conclusive on the merits in the courts of this State when made the basis of an action or defense, and the merits can not be reinvestigated. *Hope* v. *Walsenburg First National Bank,* 142 *Ga.* 310 (82 S. E. 929) ; *Spann* v. *Edwards,* 139 *Ga.* 715 (77 S. E. 1128) ; *McCauley* v. *Hargroves,* 48 *Ga.* 50. The judgment of the Florida court here is a final judgment in a divorce case, providing for alimony, or payments by the ex-husband to the ex-wife for her support and the support of their three minor children. Instead of this judgment being one in a lump sum, it is a judgment against the ex-husband for a stipulated amount payable periodically throughout the future. In so far as respects payments provided for which have accrued and have become in arrears, it does not appear that the judgment is subject to modification in the court in which it was rendered. It appears final in form, and in the absence of its appearing otherwise, it is presumed that it is not subject to modification in the State in which it was rendered. In Boyer *v.* Andrews, 143 Fla. 462 (196 So. 825), it is stated in a headnote in the Southern Reporter : "In absence of a showing that there is any Illinois law giving an Illinois court rendering a final divorce decree providing for support and maintenance of a minor child authority to alter or change that decree with respect to past-due instalments for support and maintenance, the presumption must be indulged that there is no such law."

The judgment here sued on is a final judgment of the State of Florida, to which full faith and credit shall be given in this State. In Green *v.* Green, 239 Ala. 407 (195 So. 549), the headnote in the Southern Reporter states : "Where provision in divorce decree for maintenance and support of a child is, either under the statute

or by its terms, subject to modification in discretion of court, either as to past-due instalments or as to instalments to fall due in the future, decree is not entitled as a 'final decree' to full faith and credit in another State, but a decree which is not subject to modification as to instalments already due must be given full faith and credit as a 'final decree,' and where order for payment of instalments for support is transferred, in the State in which the original divorce decree is rendered, into a final judgment for a definite sum payable presently, such judgment is entitled to full faith and credit in another State." In *Roberts* v. *Roberts,* 174 *Ga.* 645 (163 S. E. 735), it was held: "A decree for alimony from a sister State, providing for future monthly payments, is such a decree as is enforceable in this State, under the full faith and credit clause of the constitution of the United States, as to such payments as have become due and remain unpaid at the time of the rendition of the judgment in this State, although the foreign court retains jurisdiction for the purpose of modifying the judgment." See also Rogers v. Rogers, 46 Ind. App. (89 N. E. 901, 92 N. E. 664) ; Barns v. Barns, 9 Cal. App. (2d) 427 (50 Pac. (2d) 463) ; Caples v. Caples, 47 Fed. (2d) 225; Hughes v. Hughes, 125 N. J. Eq. 47 (4 Atl. (2d) 288). A judgment decreeing alimony which is already past due and has accrued may be sued on in this State as a contract between the parties. *Underwood* v. *Underwood,* 139 *Ga.* 241 (77 S. E. 46, L. R. A. 1918A, 1).

Mrs. Dyal is suing F. L. Dyal to recover arrears in payments of the periodic sums provided for in the decree sued on. The defense interposed was to the effect that she had not used for the benefit of the children the last payment which Dyal had made to her under this decree, but had expended it for her own use in going on a trip, and that she, at the time, left the children stranded without food or money and abandoned them "helplessly to starve;" and that he thereupon took the children, and has since supported them by various contributions alleged. The plea as amended was in the nature of a plea setting up a violation of the contract by the plaintiff, and a performance, by payment, by the defendant.

The decree which is the basis for this suit provides for the payment to the plaintiff of "the weekly sum of $30, as and for her own support, and for the support, maintenance, and education of said minor children, the issue of the parties hereto, and in lieu of

any dower, alimony, or any other claim or demand that the said defendant [Mrs. Alice Dyal] might have or make against the said plaintiff, F. L. Dyal." It will be observed that by the terms of this decree the sums payable thereunder are payable to Mrs. Dyal. They are not payable to the children. It is also recited that these sums are adjudged and decreed payable to her in accordance with the stipulations entered into, "in lieu of any dower, alimony, or other claim or demand" that Mrs. Dyal may have or make against Mr. Dyal. While it is true that by the terms of the decree the funds are payable to Mrs. Dyal, not only for her own support, but "for the support, maintenance, and education of said minor children," the funds are payable to her and not to her and the children, or to the children. It is contemplated in this decree that the defendant is to make payments in money, and not otherwise, and that the payments, although they are made to the plaintiff, the mother of the children, for her benefit and that of the children, and for their maintenance and support are to be expended by the plaintiff for the purposes intended, as the plaintiff may see fit. The plaintiff being the mother of the children, and the children being minors, and their custody having been awarded to the plaintiff, the foreign court which rendered the decree could very well, after hearing all the evidence, conclude that it was for the best interest of the children to place them in the custody of the mother, and to allow expenditures of money for their support, which it was decreed the father should pay, to be expended in behalf of the children according to the judgment of the mother. The defendant therefore could discharge this judgment in no way other than by payment of money to the mother. The payment by him of money to the children, or the furnishing by him of commodities such as food and clothing and schooling etc., for the support of the children in accordance with his own judgment as to their needs, would not relieve him from the obligation resting on him under the decree to pay to the mother the sums provided therein to be expended by her according to her judgment for the support and maintenance of herself and the children. The expenditures made by the defendant in behalf of the children, as set out in his plea as amended, were not payments in accordance with the decree rendered in the Florida court, and on which the plaintiff has instituted suit, but were mere voluntary payments or contributions by

him towards the support of his children. In *Fischer* v. *Fischer,* 164 *Ga.* 81 (137 S. E. 821), it was held that the father could not discharge his obligation in the nature of alimony payable to the mother of his minor child for the support of the mother and child, by a payment of money to the child. In that case it was held: "The court did not err in refusing to allow voluntary payments made to the son of himself and the divorced wife as credits upon the judgment for alimony." Therefore the plea of the defendant as amended, in so far as it set up expenditures made by him in support of the children, even though such sums were equal to or exceeded the amounts which otherwise would have been due and payable to the plaintiff, under the judgment sued on, set up no defense against the right of the plaintiff to recover against him, under the decree sued on, the amounts in arrears payable to her for the support of herself and children.

Would a failure of the plaintiff to apply towards the support of the children a periodic payment made by the defendant to her for her support and that of the children as provided in the decree, and the expenditure by her of the entire amount of this payment on herself and for her own benefit in going away on a trip, or would an abandonment and desertion of the children by the plaintiff and her leaving them stranded without food and money, as alleged in the plea as amended, amount to a breach in toto by her of any contractual obligation which she may be under to apply the payments to the support of the children such as would absolve the defendant from further payments, as provided in the decree, to the plaintiff for the support of herself and the children? The decree provides for the payment by the defendant of the instalments provided for to the plaintiff, "for her own support, and for the support, maintenance, and education of said minor children." It contains no provision for any mathematical apportionment of the funds, or of any particular payment, to her support, or to the support of the children, or to any one of the children. It is not provided that any one payment is to be applied by the plaintiff to the support of herself and the children. It is provided by the decree that the payments payable thereunder in weekly sums of $30 are for the support of the plaintiff and the children. As has already been stated, the expenditures as to amounts etc., and the apportionment thereof by her in her own behalf and in support of the children

are left to her judgment and discretion. The children were of different ages, and the necessities of one child as to character and cost might differ from time to time. Also, the necessities of the mother might differ from time to time. It is left to her to apportion expenditure of the payments made to her in such manner as she sees fit for herself and her children. She could, legitimately, in the exercise of such discretion, and with due regard to the diversity of needs at any particular time of herself and children, perhaps spend all of one payment on one child, or unequally apportion it in spending it on the children. She could conceivably spend all of one payment on herself, without violating the right or duty resting on her to spend all the funds derived pursuant to the decree on her support and the support of the children. While it appears in the decree that should the plaintiff remarry, or should any one of the three children marry or reach the age of twenty-one years, the weekly payments would be automatically reduced by one quarter, it does not necessarily follow that the total amounts payable under the decree, or any one particular payment made pursuant to the decree, should be equally apportioned and expended on the support of the plaintiff and the children. The decree was framed to take care of an entity, consisting of a plant composed of the mother and three children, living together in a house provided by the defendant. The mother, as the head of the plant, had the right in her judgment to make expenditures of the money given to her under the decree for the maintenance of the plant in such manner as she saw fit, and to apportion the payments among the constituent elements, herself and the three children, in such manner as she might see fit. The fact that the decree provided that should this plant become restricted by one or more of the members dropping out, as by the marriage or death of the mother or of one of the children, the amount required for the support of the plant would be reduced in a definitely named proportion, does not impose any restriction on the discretion of the mother, as head of the plant, to expend the moneys from time to time on the support of one member or another as she may see fit. Therefore, the expenditure by her on herself of one instalment paid under the contract, as $30 paid for one week, would not amount to any breach by her of the contract in toto, and would not absolve the defendant from his obligation under the decree to make the payments to her provided therein.

Suppose this decree, instead of providing that the father should make periodic payments to the mother for the support of herself and children, as is done, had provided that the rentals of a certain piece of real estate belonging to the father be assigned to the mother for the purpose of being used by her for her support and that of the children, with the right given to the mother to collect the rents directly from the tenant. Manifestly the tenant could not refuse to make payments of such assigned rentals to the mother for any failure by her to apply the rentals collected towards the support of the children, or on the ground that she had abandoned the children and would not apply any of such rentals towards their support. It would seem that the father, were he the agent for the mother to collect these rentals from the tenant and pay them to the mother, could not refuse payment thereof to her on any such ground. Why, therefore, should the sums awarded by the decree, payable by the father to the mother, which he necessarily must pay out of his earned income, which could include income derived from rentals of any real estate owned by him, be denied to the mother by the father on the ground that she would not apply them to the entire purpose intended, namely, the support of herself and children, but would apply them only to her own support?

Would the mother's abandonment and desertion of the children, leaving them, as alleged in the plea, "stranded and without food or money," or left to "starve," amount to such a breach by her of the contract in toto as would absolve the defendant from performing his obligation by continuing periodic payments to her as provided in the contract? As has been stated, the money is payable to her, the mother, and to her alone, for the purpose of her support and that of the children, to be expended by her according to her own judgment and discretion, and not according to the judgment and discretion of the father. Her failure to expend the money or any part thereof on the children or on any one of them so far as any right which she may have under the judgment or decree is none of his concern. His failure and refusal to pay the mother is certainly no benefit to the children. Their right in the matter as against him would be that he pay the money to the mother in accordance with the decree adjudging that these payments should be made to her for the support of her and the children. If she abused this trust, as far as it applied to the children, by not ap-

plying any of the money to their support, or by deserting and abandoning them, any right to complain would be in the children themselves and not in him. One owing a trustee money impressed with a trust for the benefit of another can not defeat payment to the trustee on the ground that the trustee violated the trust by failing to apply the money for the beneficial use of his cestui qui trust. This is a matter solely between the cestui qui trust and the trustee. If the defendant had any right in the matter it would be one which he could assert only on behalf of and for the benefit of the children. He is not in the assertion of such right when he refuses and fails to make payments to the mother as provided in the decree. I therefore conclude that if the plaintiff had permanently abandoned the children without intention of ever contributing anything to their support this would not authorize or justify the defendant from withholding payment to the mother of the sums decreed in the judgment of the Florida court.

Construing the defendant's plea as amended most strongly against him, as must be done, it appears only that the plaintiff had applied the last payment of alimony solely for her own needs and benefit, and had left the children without any means of sustenance. It does not appear that this situation was permanent. It does not appear that she would in the future have discontinued applying any of the collected payments which the defendant might have made towards the support of the children. It appears that she left the children in the home furnished them by the defendant as provided in the decree. It does not appear that no one was in the home to look after or care for the children. It does appear from his plea as amended that at this time he refused and failed to make further payments to the plaintiff. So far as it appears had he continued to make payments as provided in the judgment and decree to the plaintiff for the support of herself and the children the plaintiff would have had means to supply sustenance to the children, and might have supplied them with food and the necessities of life. The allegation that the children were left stranded without food or money and left to starve, without more, is not an allegation that the plaintiff had permanently abandoned and deserted the children, and had refused to apply any of the payments which might afterwards be made under the decree towards the support and maintenance of the children.

Therefore the plea as amended sets out no defense to the suit, and the court erred in sustaining the plea as amended, even pro tanto, as the court did, to the extent of holding that the plea as amended contained a defense against payment of a proportionate part of the funds representing an amount allegedly due and to be applied to the support and maintenance of the children. The court erred in overruling the demurrer to the defendant's plea as amended, and in directing a verdict for the defendant as to three fourths of the amounts sued for, and directing a verdict for the plaintiff in an amount representing one fourth,