CRESCENT HAT COMPANY, INC., v. MORRIS CHIZIK.

(Filed 22 September, 1943.)

**1. Constitutional Law § 23: Judgments § 40—**

Under Art. IV, sec. 1, of the Constitution of the United States a judgment of a court of another state, when properly authenticated, is entitled in the courts of this State to be given full faith and credit.

**2. Judgments § 40—**

In an action in this State, based on a judgment rendered by a court of the State of New York, defendant has a right to interpose proper

defenses, for example: (1) he may defeat recovery by proof of fraud practiced in obtaining the judgment, which may have prevented an adverse trial; (2) or show want of jurisdiction of person or subject matter; (3) or plead a counterclaim of payments since rendition.

**3. Same: Pleadings § 15—**

Where plaintiff brought an action in this State against defendant, based on a judgment of a New York court, and defendant by answer alleged as defense and counterclaim (1) false representations of plaintiff relating to the merits of the subject matter and made anterior to the New York judgment; (2) and an unliquidated claim for damages arising out of an independent tort, plaintiff's demurrer *ore tenus* to such answer, defense and counterclaim was properly allowed.

APPEAL by defendant from *Clement, J.,* at April Term, 1943, of BUNCOMBE.

Civil action to recover on judgment obtained in court of record in State of New York as hereinafter shown.

The parties to this action stipulate and agree, as appears in the record on this appeal, in substance, that in the municipal court of the City of New York, Borough of Manhattan, First District, State of New York, a court of record, having a seal, a judgment was rendered in favor of Crescent Hat Company, plaintiff there as well as here, against Morris Chizik, defendant there as well as here, for the sum of $784.00, which included interest and court costs to date of rendition, on which defendant received a credit of $272.30 on 5 May, 1939, leaving a balance of $511.70, the amount sought to be recovered in this action.

Defendant, in amended answer further answering the complaint filed in this action in which plaintiff declares upon the said judgment, avers, summarily stated: (1) That the said judgment was obtained in an action instituted by plaintiff against defendant for an alleged breach of contract to purchase men's hats, in which action plaintiff alleged: (a) that in April, 1937, its representative at the place of business of defendant in Asheville, North Carolina, sold defendant an order of hats, which were shipped to defendant but which defendant refused to accept; (b) that the hats consisted of a special order made for defendant, by reason of which plaintiff could not dispose of them to advantage; and (c) that the hats were then in its possession in its warehouse; (2) that upon these allegations, denied by defendant, the case came to trial in March, 1939, and plaintiff exhibited in court four or five men's hats and represented that the entire shipment of hats made by plaintiff for defendant pursuant to order were in possession of plaintiff in its warehouse in New York subject to the orders and disposition of defendant, which representations were false and fraudulent and constituted a fraud upon the court in that the plaintiff did not have the hats in its warehouse and

possession—having prior thereto sold the same and received the sale price therefor and full value thereof, of all of which defendant was ignorant; (3) that subsequent to the rendition of the judgment as aforesaid plaintiff, in further effort to cheat and defraud defendant, caused an execution to be issued on said judgment and knowingly had a jobber's lot of worthless hats of styles and shapes in vogue many years prior to 1937 gotten together by plaintiff for the express purpose, levied on, advertised and sold under the false assumption by the officers and false representation to them by plaintiff that said lot of worthless hats were the same hats manufactured by plaintiff for defendant in 1937—the defendant had the worthless hats purchased at said sale for price of $300, and shipped to him at Asheville, and finding same of "practically no value" and unsalable, without seriously affecting the good will and prestige of the business he had built up, stored in basement of his store, and defendant made no effort to sell them; and (4) that plaintiff not only received the proceeds of the sale and disposition of the hats made in 1937 under original order, but also received the $300, less the cost of court, by reason of all of which plaintiff is not entitled to recover anything because of the judgment as aforesaid.

Later, by order of court, defendant amended his answer and averred: "That the plaintiff had the original order of hats in its possession for the disposition and benefit of the defendant, and while said hats were in its possession and before the levy of the execution in New York, as aforesaid, the said plaintiff disposed of the original order of said hats and converted the same to their own use, thereby injuring and damaging the defendant in the sum of $784.00, the reasonable value thereof, and the additional sum of $300.00 paid by defendant for the lot of worthless hats, as aforesaid, or a total injury and damage to the defendant in the sum of $1,084.00," and prays judgment "That the defendant recover of the plaintiff the sum of $1,084.00 to be used as an offset and payment of the balance shown by the judgment in the New York action," and for costs and other and further relief.

In reply plaintiff denied the material averment of the further answer of defendant.

When the case came on for trial in court below, and after the jury was impaneled and the pleadings read, plaintiff demurred *ore tenus* and moved to dismiss the further answer and defense and counterclaim. The court sustained the demurrer and allowed the motion. Exception by defendant.

Thereupon, on evidence introduced by plaintiff, the issue was submitted to and answered by the jury in favor of plaintiff. From judgment thereon, defendant appealed to Supreme Court and assigns error.

*Lee & Lee for plaintiff, appellee.*

*J. A. Patla and Don C. Young for defendant, appellant.*

WINBORNE, J. The validity of the judgment obtained by plaintiff against defendant in the New York court, and sued on in this action, is not controverted by defendant. Therefore, under Article IV, section 1, of the Constitution of the United States the judgment when properly authenticated is entitled in the courts of this State to be given full faith and credit. However, in challenging a foreign judgment "defendant has a right to interpose proper defenses; he may defeat recovery by proof of any fraud practiced in obtaining the judgment which may have prevented him from having an adverse trial of the issue . . . or by showing want of jurisdiction either as to the subject matter or as to the person of the defendant." *Bonnett-Brown Corp. v. Coble,* 195 N. C., 491, 142 S. E., 772. See also *Mottu v. Davis,* 151 N. C., 237, 65 S. E., 969; *S. c.,* 153 N. C., 160, 69 S. E., 63; *Williamson v. Jerome,* 169 N. C., 215, 85 S. E., 300. Defendant may also plead as counterclaim payments made since the rendition of the judgment. *Roberts v. Pratt,* 158 N. C., 50, 73 S. E., 129.

The defense set up by defendant is (1) that the judgment obtained in the New York court was procured by fraud in that plaintiff exhibited hats in court and falsely represented that the hats in question were then in plaintiff's possession subject to the orders and disposition of the defendant, when in truth and in fact plaintiff had already sold same and received full value therefor, and (2) that plaintiff further perpetrated a fraud on and to the damage of defendant by having sold under execution worthless hats which plaintiff had substituted for the hats involved in the suit in which the New York judgment was obtained.

Admitting the truth of these averments, as we must do upon demurrer in testing the sufficiency of the pleading, the first defense fails in that false testimony given at the trial is "held not to constitute extrinsic fraud upon which a successful attack upon the judgment can be based," *Devin, J.,* on defendant's appeal in *Cody v. Hovey,* 216 N. C., 391, 5 S. E. (2d), 165, where it is stated that the same rule applies in New York, citing *Jacobowitz v. Herson,* 268 N. Y., 130. See also *Mottu v. Davis, supra.* Furthermore, the alleged false representations were anterior to the entry of the judgment in the New York court, and relate to the merits of the subject matter, as to which inquiry is precluded in suit on such judgment. *Land Bank v. Garman,* 220 N. C., 585, 18 S. E. (2d), 182, and cases cited.

The second defense is nothing more than an unliquidated claim for damages arising out of an independent tort which cannot be made the subject of set-off or counterclaim. *Finance Corp. v. Lane,* 221 N. C.,

189, 19 S. E. (2d), 849; McIntosh, N. C. P. & P., page 494, and there is no allegation of payment.

The judgment below is

Affirmed.